ACCEPTED
01-13-00816-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 1:30:02 PM
CHRISTOPHER PRINE
CLERK

NO. <u>01-13-00816-CV</u>

In The
First District Court of Appeals of Texas
at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 1:30:02 PM
CHRISTOPHER A. PRINE
Clerk

Retaka Romeo Nelson, Appellant vs. Shannon Brochette Nelson, Appellee

On Appeal From

District Court No. 308, Cause 2012-04063

Harris County, Texas

## **<u>THIRD AMENDED MOTION FOR REHEARING</u>**

Retaka Nelson
P.O. Box 7367
Los Angeles, CA 90007
Tel: (832) 590-9295
Email: thetakesta@gmail.com
Appellant-Petitioner, *Pro Se*

## Identity of Parties and Counsel

**PETITIONER/CROSS-RESPONDENT/APPELLANT:** RETAKA ROMEO NELSON

Leif A. Olson
State Bar No. 24032801
leif@olsonappeals.com
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382
*Former Counsel on appeal*

Edward C. Burwell
5151 Katy Freeway, Suite 140
Houston, Texas 77007
*Former counsel in trial court*

Retaka Nelson
P.O. Box 7367
Los Angeles, CA 90007
thetakesta@gmail.com
(832) 590-9295
Appellant-Petitioner, *Pro Se*

**RESPONDENT/CROSS-PETITIONER/APPELLEE:** SHANNON BROCHETTE NELSON

Shari Goldsberry
State Bar No. 24038398
shari@goldsberrylaw.com
3027 Marina Bay Drive, Suite 108
League City, Texas 77573
(281) 533-3030
*Counsel on appeal*

D. Michelle Tewal
950 Gemini, Suite 6
Houston, Texas 77058
*Former Counsel in trial court*

# Table of Contents

Identity of Parties and Counsel ................................................................................. i

Table of Contents .................................................................................................... ii

Index of Authorities ............................................................................................... iii

Statement of the Case ............................................................................................. v

Statement on Oral Argument .................................................................................. vi

Issues Presented ..................................................................................................... vii

Glossary ................................................................................................................ viii

   I.   The trial court erred in rendering a judgment and order sustaining contest to pauper's oath without notice and hearing. ................................................... 1

Statement of Facts .................................................................................................. 1

Summary of Argument ........................................................................................... 1

Argument ................................................................................................................ 2

     A.   No Proof of Notice ........................................................................... 2

     B.   No Proof of Hearing .......................................................................... 3

     C.   Fundamental Error of Due Process Violation ................................... 4

     D.   Any Craddock Requirements .............................................................. 5

   II.   The trial court erred in rendering a final divorce decree without proper service of the counter-petition and citation .................................................... 7

Statement of Facts .................................................................................................. 7

Summary of Argument ........................................................................................... 7

Argument ................................................................................................................ 8

     A.   Fundamental Error of Due Process Violation ................................... 8

     B.   No Waiver of Service ....................................................................... 10

     C.   Any Craddock Requirements ............................................................ 13

Conclusion ........................................................................................................... 15

Prayer ............................................................................................................ 16

Certificate of Compliance .......................................................................... 17

Certificate of Conference ........................................................................... 17

Certificate of Service .................................................................................. 18

Unsworn Declaration ................................................................................... 19

Appendix ...................................................................................................... 20

## Index of Authorities

### CASES

*Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965) 5

*Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ) ............................................................................................................ 9

Caldwell II, 154 S.W.3d at 97 n.1 ............................................................. 14

*Carr v. Smith*, 22 S.W.2d 3d 128 (Tex.App. –Fort Worth, 2000, pet. denied) ......... 14

Cf. Perkola v. Koelling & Assocs., Inc., 601 S.W.2d 110, 112 (Tex.Civ.App.-Dallas 1980, writ dism'd) ............................................................................................ 10

*Cotton v. Cotton*, 57 S.W.3d 506, 511 (Tex. App.--Waco 2001, no pet.) ................ 11

*Craddock v. Sunshine Bus Lines*, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939) ........... 5

*Craddock*, 1331 at S.W.2d 126 .................................................................... 6

*Director, State Employees Workers' Compensation Div. vs. Evans*, 889 S.W.2d 266, 270 (Tex. 1994) ........................................................................................... 7

*Dolgencorp. Vs. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) ......................................... 7

*Dolly v. Aethos Commc'ns Sys.*, Inc., 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) .................................................................................................... 9

*Ferguson & Co. v. Roll*, 776 S.W.2d 692, 698 (Tex.App.—Dallas 1989, no writ) ..... 5

*Frederick v. Sebastian*, Case 01-13-00727-CV (Tex. App. – Houston [1st Dist.], Oct. 21, 2014) ....................................................................................................... 3

*Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex.1991) .................. 10

*Green v. Green*, 424 S.W.2d 479, 481 (Tex.Civ.App.-Tyler 1968, no writ); ........... 10

*In Re: Texas Department of Family and Protective Services, Realtor*, Case 01–13–00623–CV (Tex. App. – Houston [1st Dist.], Oct. 11, 2013) ................................ 11

*Kastleman, v. Kastleman*; Case 03-13-00133-CV (Tex. App. – Austin [3rd Dist.], Oct. 23, 2014)(Before Justices Puryear, Rose, and Goodwin; On Motion For Rehearing; Supplemental Opinion) ...................................................................... 5

*Nabelek v. City of Houston*, Case 01-06-01097-CV (Tex. App. – Houston [1st Dist.], Nov. 26, 2008) ........................................................................................ 14

*Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 153 (Tex. 1994) (citation omitted). ...................................................................................................................... 14

*Rabbit Creek Oil Co. v. Shell Pet. Corp.*, Tex. Civ. App. 66 S.W.2d 737 ................. 4

Smith v. Amarillo Hosp. Dist., 672 S.W.2d 615, 617 (Tex.App.-Amarillo 1984, no writ) ................................................................................................................ 11

St. Louis & S.F.R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918) ......................... 12

*State v. Blue Diamond Oil Corp.*, Tex. Civ. App. 76 S.W.2d 852 ............................ 4

*State v. Bristol Hotel Asset* Co., 65 S.W.3d 638, 642–43 (Tex. 2001) (citation omitted) .............................................................................................................. 9

*Texaco*, 925 S.W.2d at 590 ...................................................................................... 13

*Turner v. Turner*, No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex. App.— Houston [14th Dist.], Jan. 28, 1999, no pet.) .......................................................... 10

*Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993) ............................................... 10

*Wilson v. Dunn No. C-7796.* 800 S.W.2d 833 (1990) ............................................ 14

**STATUTES**

Tex. Fam. Code § 153.001 ........................................................................................ 6
Tex. Fam.Code § 153.502(a-1) .................................................................................. 6

**RULES**

Tex. R. App. P. 34.6(f) .............................................................................................. 4
Tex. R. C. P. Rule 266 ............................................................................................. 14
Tex. R. Civ. P. 107 .................................................................................................... 9
Tex. R. Civ. P. 21a .................................................................................................... 3
Tex. R. Civ. P. 34.6(f)(4) ........................................................................................... 3
Tex. R. Civ. P. Rule 106 ............................................................................................ 9
Tex. R. Civ. P. Rule 124 .......................................................................................... 13
Tex. R. Civ. P. Rule 99(a) ....................................................................................... 14
Tex.R.Civ.P. 239a ..................................................................................................... 3

CONSTITUTIONAL PROVISIONS

Tex. Const. Article I § 30(2) ................................................................. 6

## Statement of the Case

| | |
|---|---|
| Nature of the case | Divorce with children |
| Trial court | 308th District Court<br>Judge James Lombardino<br>(sitting as 312th District Court)[1] |
| Trial court proceedings | Retaka petitioned for divorce, demanded a jury, and paid the jury fee.[2] On the day of the final pretrial hearing, Shannon amended an earlier motion for sanctions. She requested the striking of Retaka's jury demand and pleadings.[3] |
| Trial court disposition | The trial court struck Retaka's jury demand and petition and realigned Shannon as petitioner and Retaka as respondent.[4] Following a bench trial, the trial court rendered a final decree that appointed as Shannon sole managing conservator of the couple's two children.[5] |

---

[1] C.R. at 1323–24.
[2] C.R. at 40–45, 657–660.
[3] C.R. at 1513–1515.
[4] 5 R.R. 61:7–8, 99:17–22.
[5] C.R. at 1523–63 (decree), C.R. 1525 (appointment).

## <u>Statement on Oral Argument</u>

Retaka does not believe that oral argument is necessary.

## <u>Issues Presented</u>

Retaka's statement of the issues presented on rehearing are:

I.   The trial court erred in rendering a judgment and order sustaining contest to pauper's oath without notice and hearing.

II.   The trial court erred in rendering a final divorce decree without proper service of the counter-petition and citation.

## **Glossary**

| **This term:** | **Refers to:** |
| --- | --- |
| C.R. at *x* | Court-ordered clerk's record (filed Dec. 4, 2013) at page *x* |
| JanRR *xx:yy* | Reporter's record of Jan. 29, 2013, hearing (filed Feb. 19, 2014) at page *x* line *yy* |
| Retaka | Appellant Retaka Romeo Nelson |
| *x* R.R. *yy:zz* | Reporter's record (filed Jan. 23, 2014) at volume *x*, page *yy*, line *zz* |
| Shannon | Appellee Shannon Brochette Nelson |

**I.** **THE TRIAL COURT ERRED IN RENDERING A JUDGMENT AND ORDER SUSTAINING CONTEST TO PAUPER'S OATH WITHOUT NOTICE AND HEARING.**

## Statement of Facts

Retaka filed an affidavit of indigence along with his original divorce petition. The district clerk responded by sending notice of hearing to contest Retaka's affidavit. Retaka used his sister's address on the filings while he lived elsewhere. All court-related mail sent to him at his sister's address was returned to sender as unknown. As a result he was unaware of the hearing and did not attend. The trial court sustained the contest by default judgment and order. Retaka was unable to challenge the sustained contest for abuse of discretion on appeal because the affidavit was missing as well as any transcript of the March 28, 2012 contest hearing. The order sustaining the contest was not signed on the 28th, it was signed on the 30th. The opinion suggested that trial court could sanction Retaka regardless of a new affidavit of indigence on the basis that the contest to his affidavit of indigence had already been sustained.

## Summary of Argument

The default judgment and order sustaining contest to pauper's oath is void or voidable for lack of notice and hearing. Lack of notice is shown on the face of the record. There is no transcript of the contest hearing, and thus no proof of an actual hearing. This fundamental error is a due process violation. Therefore,

indigence was established as a matter of law by the filing of his initial and subsequent uncontested affidavits of inability to pay amicus fees, he was entitled to a jury trial, and striking his jury demand, pleadings, and rendering judgment after a bench trial was reversible error.

## Argument

### A. NO PROOF OF NOTICE

Retaka did not receive notice of the contest hearing because all mail sent to his address on file, sent between February 8, 2012 to October 21st, was returned as "return to sender – attempted – not known – unable to forward".[6,7,8,9,10] The following mailed on February 23, 2012 would have been returned to sender:

- district clerk's contest of affidavit of indigence (C.R. at 122-24)
- notice of hearing (C.R. at 125)
- proposed judgment and order sustaining contest to pauper's oath (C.R. at 126)
- certificate of service (C.R. at 127)

Mere "notice left" per Track & Confirm®[11,12] was rebutted[13,14] later as "unclaimed"[15] in a heard motion[16,17]. Even still, there was ample testimony that he never lived there, that his sister no longer lived there, and thus did not appear[18].

---

[6] C.R. at 120-21 (District Clerk mailed out Feb. 15, 2012 and returned Feb 19th.)
[7] C.R. at 212-13 (District Clerk mailed out Feb. 8, 2012 and returned Feb 11th.)
[8] C.R. at 688-89 (District Clerk mailed out Oct. 5, 2012 and returned Oct 17th.)
[9] C.R. at 706 (District Clerk mailed out Oct. 17, 2012 and returned Oct 21[th].)
[10] C.R. at 707 (District Clerk mailed out Oct. 5, 2012 and returned Oct 17th.)
[11] C.R. at 1850

Recitations in the judgment will not prove service when the record contains no independent evidence of service, such as a return." *State v. Bristol Hotel Asset* Co., 65 S.W.3d 638, 642–43 (Tex. 2001) (citation omitted). Retaka never received any postcard notice of the judgment and order sustaining contest as required.[19]

## B. No Proof of Hearing

The lost <u>affidavit</u> of indigence and March 28, 2012 contest hearing <u>transcript</u> **cannot be replaced by agreement of the parties.** Tex. R. Civ. P. 34.6(f)(4) *See* emails. (Appendix Tab B). Shannon already thwarted Retaka's motion for lost and destroyed records in open court. (9 R.R. 46:24-47:2.). The appeals court ORDERED **("the remainder of the reporter's record shall be filed in this court no later than February 28, 2014")**(Appendix Tab D). Still, there's no affidavit, no transcript, and no proof that an actual contest hearing occurred.

---

[12] Judicially notice that "Return Receipt Electronic records are kept for two years from the date of mailing." http://faq.usps.com/?articleId=219152 ; USPS tracking No. 70110470000212857690

[13] *Frederick v. Sebastian*, Case 01-13-00727-CV (Tex. App. – Houston [1st Dist.], Oct. 21, 2014), holding ("…certified mail envelope reflects that the post office "notified"… and then returned the item as "unclaimed"…The returned envelope bearing the post office's "unclaimed" mark is sufficient to rebut the presumption of service. *See* Approximately, 261 S.W.3d at 189; Etheredge, 169 S.W.3d at 382; Rabie, 982 S.W.2d at 197")

[14] Tex. R. Civ. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received…and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.")

[15] C.R. at 1691, 1698

[16] C.R. at 1687-1708

[17] 9 R.R. 11:15-19 File name in the record is "RR (VOL 09 OF 9) FLD 012314.pdf"

[18] 1 R.R. 6:18-32:25. (June 11, 2012 hearing. at record "RR (VOL 01 OF 03) FLD 022614.pdf")

[19] Tex.R.Civ.P. 239a

The order sustaining the contest should be vacated and a new trial granted because the lost items were necessary to the appeals resolution. Tex. R. App. P. 34.6(f). Retaka and the appeals court requested the affidavit and transcript.

REQUESTS FOR LOST AFFIDAVIT OF INDIGENCE

The Request for Documents to Be Included In Clerk's Record (C.R. at 2399-2427) requested "Petitioner's Pauper's Oath, filed about January 21, 2012." (C.R. at 2421.) The Appeals Court Orders for Clerks Record (C.R. at 1760, C.R. at 2426) requested affidavits of indigence and documents at Appellant's request (Appendix Tab C; Appendix Tab D). The affidavit was timely requested.

REQUESTS FOR LOST TRANSCRIPT OF CONTEST HEARING

The Request to Prepare Reporter's Record Reporters Record (C.R. at 2394-2398), requested "March 28, 2012 Hearing Transcript (C.R. at 2396) The emails to court reports requested supplementation. (Appendix Tab B). The transcript was timely requested.

## C. FUNDAMENTAL ERROR OF DUE PROCESS VIOLATION

Where the statute requires <u>notice and hearing</u>, such prerequisite is jurisdictional, and its omission renders the order void. *Rabbit Creek Oil Co. v. Shell Pet. Corp.*, Tex. Civ. App. 66 S.W.2d 737; *State v. Blue Diamond Oil Corp.*, Tex. Civ. App. 76 S.W.2d 852

Retaka may raise fundamental error for the first time in this motion for rehearing.[20]  *See* Kastleman, v. Kastleman; Case 03-13-00133-CV (Tex. App. – Austin [3rd Dist.], Oct. 23, 2014)(Before Justices Puryear, Rose, and Goodwin; On Motion For Rehearing; Supplemental Opinion).  Failure to give notice violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo,*380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)

## D. ANY CRADDOCK REQUIREMENTS

NOT INTENTIONAL OR THE RESULT OF CONSCIOUS INDIFFERENCE

Failure to receive notice, and appear, on March 28, 2012 to answer the contest to his affidavit was not intentional or the result of conscious indifference. Had he known that mail was being returned he would have updated his address.

MERITORIOUS DEFENSE

*Craddock* requires a defendant who has suffered a default judgment to set up, but not prove, a meritorious defense. *See* Ferguson & Co. v. Roll, 776 S.W.2d 692, 698 (Tex.App.—Dallas 1989, no writ) (citing Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.1966)).  *See* Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939)

---

[20] *Phifer v. Nacogdoches County Cent. Appraisal Dist*., 45 S.W.3d 159, 166 (Tex. App.-Tyler 2000, pet. denied) (new argument asserting lack of jurisdiction could be raised for first time in motion for rehearing)

The affidavit's attestations of inability to pay served as a meritorious defense to any court presumption that he could pay filing fees and future amicus fees as security. Retaka could have shown at the contest hearing that he was receiving government entitlement from February 5, 2012 to July 31st. (C.R. at 1704-05). On reversal he could show that the court was not justified in upholding the contest.

Retaka was not intentionally avoiding service and notice of the contest hearing. He was living in a [domestic violence] shelter[21] after Shannon had received a ticket from the Sheriff's Office for physically assaulting him[22,23,24,25.] Shannon admitted to assaulting Retaka.[26]. Fleeing family violence with his children to provide a nonviolent environment for his children was statutory and public policy, and constitutional. [27,28,29]

NO UNDUE DELAY OR INJURY

Vacating the order sustaining contest to Retaka's initial affidavit would not cause undue delay or injury.[30] It would not cause him any undue delay or injury

---

[21] 1 R.R. 13:14-12 (June 11, 2012 hearing. at record "RR (VOL 01 OF 03) FLD 022614.pdf")
[22] 1 R.R. 30:23-25 (June 11, 2012 hearing. at record "RR (VOL 01 OF 03) FLD 022614.pdf")
[23] 06B R.R.156-56 (June 11, 2013 trial evidence "RR (VOL 06B OF 9) FLD 012314.pdf")
[24] 06B R.R.161-61 (June 11, 2013 trial evidence "RR (VOL 06B OF 9) FLD 012314.pdf")
[25] C.R. at 1770 (certified copy of 06B R.R. 161-61)
[26] 1 R.R. 88:13-95:6 (June 11, 2012 hearing. at record "RR (VOL 01 OF 03) FLD 022614.pdf")
[27] Tex. Fam. Code § 153.001
[28] Tex. Fam.Code § 153.502(a-1)
[29] Tex. Const. Article I § 30(2)
[30] Craddock, 1331 at S.W.2d 126

because it will assist the appeal.[31] It would not cause Shannon any undue delay or injury because she is currently sole managing conservator.[32] It would not cause the contest-clerk any undue delay or injury because he is not an interested party in the case.

## II. THE TRIAL COURT ERRED IN RENDERING A FINAL DIVORCE DECREE WITHOUT PROPER SERVICE OF THE COUNTER-PETITION AND CITATION

### Statement of Facts

Retaka filed an affidavit of indigence along with his original divorce petition. Shannon responded by serving her counter-petitioner via alternative service. Retaka used his sister's address on the filings while he lived elsewhere. All court-related mail sent to him at his sister's address was returned to sender as unknown. Retaka did not receive Shannon's divorce papers. As a result he was unaware of Shannon's court actions until later. The trial court signed an order determining that the alternative service was defective. It eventually struck Retaka's pleadings and jury demand and signed the final divorce decree.

### Summary of Argument

The Court should make a determination as to whether the trial court truly had jurisdictional authority to render a final judgment on the parties. When the

---

[31] Director, State Employees Workers' Compensation Div. vs. Evans, 889 S.W.2d 266, 270 (Tex. 1994)
[32] Dolgencorp. Vs. Lerma, 288 S.W.3d 922, 929 (Tex. 2009)

trial court issued a signed order determining that Retaka was not properly served Shannon's counter-petition and citation, and then subsequently struck his pleadings, Retaka did not voluntarily generally appear and participate at the final trial on any question subject to his running objection to jurisdiction. Shannon was still required to properly serve Retaka prior to rendition of the final judgment because did not generally appear in the main suit and participate.

## Argument

### A. FUNDAMENTAL ERROR OF DUE PROCESS VIOLATION

NO PROOF OF SERVICE UPON THE FACE OF THE RECORD

The Final Decree should be reversed because there can be no judgment without service of Shannon's counter-petition or citation. Tex. R. Civ. P. Rule 124

Shannon's divorce counter-petition ***prayed*** "that citation and notice be issued as required by law" (C.R. at 56 ¶ 18). On August 17, 2012, the trial court signed an order (Appendix Tab P; *See* also C.R. at 370-72 ¶¶ 5-9) with written findings that the service address listed on the following documents were defective:

- order granting alternative service (C.R. at 245-46)

- citation (C.R. at 260); *See* also (C.R. at 303)

- process server's affidavit (C.R. at 261)

- return of service (C.R. at 260); *See* also (C.R. at 303)

The trial court found that "Retaka, did not receive proper service and notice of Shannon's citation, counter-original petition for divorce, order granting alternative service, and temporary restraining order, in accordance to the Texas Rules of Civil Procedure." (C.R. at 370-72 ¶ 10) ("Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.") *See* Tex. R. Civ. P. 107. ("When a trial court orders substituted service under Tex. R. Civ. P. Rule 106, the only authority for the substituted service is the order itself.") *Dolly v. Aethos Commc'ns Sys.*, Inc., 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.); *Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ).

**Shannon then misstated this material fact to prevent the trial court from vacating the final decree.[33] ("It seems that the basis of Mr. Nelson's motion to vacate is a lack of notice or service of the -- of my client's counter-petition for divorce, Your Honor. It was effective via substituted service.")**

Recitations in the judgment will not prove service when the record contains no independent evidence of service, such as a return." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 642–43 (Tex. 2001) (citation omitted).

Based on the trial court's written findings of defects in service of process, and this court's opinion that the trial court was justified in striking Retaka's

---

[33] 9 R.R. 10:22-25 File name in the record is "RR (VOL 09 OF 9) FLD 012314.pdf"

pleadings, there was no live, valid citation and petition or counter-petition on which the trial court could render final judgment. The final judgment should be reversed because of defective service on the "face of the record". *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex.1991).

## B. NO WAIVER OF SERVICE

### ANCILLARY APPEARANCE IS NOT GENERAL APPEARANCE IN THE MAIN SUIT

Retaka appeared in ancillary matters on his own petition up until the day trial court struck his pleadings on June 6, 2013. *See* Tex. R. Civ. P. Rule 124. ("When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance"). However, appearing in matters ancillary and prior to the main suit does not constitute a general appearance in the main suit. *See*, e.g., *Turner v. Turner*, No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex. App.— Houston [14th Dist.], Jan. 28, 1999, no pet.) ("Here, because the temporary injunction hearing was related to an ancillary matter which did not resolve the issues of law or fact alleged in the underlying suit, we conclude counsel's appearance and participation did not constitute a general appearance.") *See* Cf. *Perkola v. Koelling* & Assocs., Inc., 601 S.W.2d 110, 112 (Tex.Civ.App.-Dallas 1980, writ dism'd) *See* also •*Green v. Green*, 424 S.W.2d 479, 481 (Tex.Civ.App.-Tyler 1968, no writ); •*See* also *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993).

A general appearance is normally in the form of an answer to the claims made in the suit. *Cotton v. Cotton*, 57 S.W.3d 506, 511 (Tex. App.--Waco 2001, no pet.)

MERE PRESENCE IN THE COURTROOM IS NOT AN APPEARANCE

Retaka in no way recognized that the cause was properly pending or that the court had jurisdiction at trial. *See* In Re: Texas Department of Family and Protective Services, Realtor, Case 01–13–00623–CV (Tex. App. – Houston [1st Dist.], Oct. 11, 2013):

> To constitute an answer or appearance, one must seek judgment or adjudication on some question; although an act may relate to a pending case, "it does not constitute a general appearance if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court." *Invs. Diversified Servs., Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.), quoted in *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). "The emphasis is on a request for affirmative action, which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance." *See* Seals v. Upper Trinity Reg'l Water Dist., 145 S.W.3d 291, 297 (Tex. App.—Fort Worth 2004, pet. dism'd).

See also Cotton v. Cotton, Case 10-00-338-CV (Tex. App. – Waco [10th Dist], Aug. 22, 2001) – citing Smith v. Amarillo Hosp. Dist., 672 S.W.2d 615, 617 (Tex.App.-Amarillo 1984, no writ). The Amarillo Court concluded that ("Smith did not make a general appearance. He did nothing except sit at the counsel table, at the court's request, after being called forward, apparently from the audience. He filed no pleadings, neither took nor requested affirmative action and did not

participate in anything that occurred. He was, at best, a silent figurehead observing the proceedings. Thus, the trial court did not have personal jurisdiction over him and its judgment against him is a nullity.") Likewise, this Court's opinion held that Retaka did not participate in the trial.

### NO VOLUNTARY GENERAL APPEARANCE IN THE MAIN SUIT

Retaka sat in the courtroom audience. When the trial court called him forward involuntarily, he objected to announcing ready.[34] He mainly objected on the grounds that the entire cause was in the wrong courtroom.[35] That it should have been in Court No. 312 instead of 308. The trial court overruled his objections to jurisdiction. It also overruled his objection to announcing ready. It then noted his subsequent running objections on the same grounds.[36] Thus any general appearance was involuntary. The trial court acknowledged Retaka's appearance as involuntary when it signed the final decree as ("who appeared pro se, made a general appearance, and appeared at trial over objection of petitioner"). (C.R. at 1523.) *See* St. Louis & S.F.R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918)("a general appearance occurs when the party "invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction.") –

---

[34] (6 R.R. 7:11–17:25.) File name in the record is "RR (VOL 06 OF 9) FLD 012314.pdf"
[35] (C.R. at 1323-1325)
[36] (6 R.R. 18:22–19:22.) File name in the record is "RR (VOL 06 OF 9) FLD 012314.pdf"

citing *Accord, Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.); • 2 R. McDonald, Texas Civil Practice § 9.04.C (1982).

### NO PARTICIPATION IN 'THE DECISION-MAKING EVENT' THAT RESULTED IN JUDGMENT ADJUDICATING THE APPELLANT'S RIGHTS

Any mere written statement that Retaka had made a general appearance for all purposes does not rise to the level of participation at trial. See *Texaco*, 925 S.W.2d at 590. In Texaco, the Texas Supreme Court rejected the court of appeals' holding that the appellant participated at trial when it made a general appearance by announcing that it was ready for trial and announcing settlement. As stated, *supra*, this Court's opinion held that Retaka did not participate in the trial.

### NO ANSWER FILED AS TO THE COUNTER-CLAIMS

Shannon admitted at the final pretrial hearing that Retaka did not file an answer to her counter-claims.[37]

## C. ANY CRADDOCK REQUIREMENTS

### NOT INTENTIONAL OR THE RESULT OF CONSCIOUS INDIFFERENCE

Service was Shannon's responsibility. Personal service of Shannon's counter-petition was not required. Tex. R. Civ. P. Rule 124. However, she did not

---

[37] (5 R.R. 100:6–7.) File name in the record is "RR (VOL 05 OF 9) FLD 012314.pdf"

reattempt service in any manner under Tex. R. Civ. P. Rule 21a. *See* Nabelek v. City of Houston, Case 01-06-01097-CV (Tex. App. – Houston [1st Dist.], Nov. 26, 2008) – citing *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 153 (Tex. 1994) (citation omitted). ("It is the responsibility of the one requesting service … to see that service is properly accomplished.") *See* also Tex. R. Civ. P. Rule 99(a). In *Wilson v. Dunn* ("Dunn actually received the suit papers and actually knew of the pendency of the suit...Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction") *Wilson v. Dunn No. C-7796.* 800 S.W.2d 833 (1990)

Retaka had no duty to participate at trial. ("A party who has acquired knowledge but was not properly served has no duty to participate in the proceedings.") *See* Caldwell II, 154 S.W.3d at 97 n.1. *See* also *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)("[M]ere knowledge of a pending suit does not place any duty on a defendant to act."). He did not submit Jury questions, however "the distinction between oral and written questioning is virtually meaningless." *Carr v. Smith*, 22 S.W.2d 3d 128 (Tex.App. –Fort Worth, 2000, pet. denied)

MERITORIOUS DEFENSE

In the event Retaka and Shannon cannot reach an agreement on decisions regarding custody, visitation, and support (C.R. at 42 § V.5.), Retaka will establish key affirmative defenses to Shannon's claims. Tex. R. C. P. Rule 266.

He will also remind the trial court of its pending sanction against Shannon by contempt for perjury. (1 R.R. 56:7–57:8)[38] *See* footnote No. 37. He will remind the court of his own material claims (1 R.R. 8:10–24)[39] *See also* footnote No. 38. Above all, Retaka would address every ground in Shannon's amended motion for sanctions that the trial court relied on to strike his jury demand and pleadings.

NO UNDUE DELAY OR INJURY

Vacating the final divorce decree would not cause undue delay or injury. It would not cause Retaka any undue delay or injury because it will assist the appeal. It would not cause Shannon any undue delay or injury because she is currently sole managing conservator.

## **Conclusion**

The judgment and order sustaining contest to pauper's oath was a default judgment because notice was not received. The transcript is missing and so is the affidavit of indigence although properly requested. Thus there is no proof that an actual contest hearing ever occurred to rebut the "missing" affidavit. Vacating the judgment and order sustaining the contest would effectually cause vacation of the sanction order that struck Retaka's jury demand and pleadings.

---

[38] File name in the record is "RR (VOL 01 OF 01-Hearing 100212) FLD 021914.pdf"

[39] File name in the record is "RR (VOL 01 OF 01-Hearing 100212) FLD 021914.pdf"

The final divorce decree was rendered on a stricken petition and a court-determined defectively served counter-petition. Retaka did not voluntarily generally appear neither participated at trial. Both judgments and orders should be vacate or reversed for lack of due process.

## Relief

This Court should grant this motion for rehearing, withdraw its opinion and judgment of March 12, 2015, and issue a new opinion and a new judgment in their stead. This court should vacate the order sustaining contest to affidavit of indigence, reverse the trial court's judgment and remanding the case for a new jury trial. However, if the trial court had no authority to rule over the parties, this court should vacate the trial court's judgment and dismiss trial cause 2012-04063 but do not dismiss this appeal case 01-13-00816-CV.

## Prayer

**WHEREFORE**, Appellant prays that the Court grant the relief requested herein and such further relief, at law or in equity, to which it may be entitled.

Respectfully Submitted,

/s/ Retaka Nelson
Retaka Nelson
P.O. Box 7367
Los Angeles, CA 90007
Tel: (832) 590-9295
Email: thetakesta@gmail.com
Appellant-Petitioner, *Pro Se*

## Certificate of Compliance

Pursuant to Tex. R. App. P. 9.4, this is a computer-generated document that may be subject to a word limit under this rule. I hereby certify that the number of words in this document are 4,059. I have relied on the word count of the computer program used to prepare the document.

In calculating the length of this document, every word and every part of the document, including headings, footnotes, and quotations, have been counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Retaka Nelson
Retaka Nelson

## Certificate of Conference

Pursuant to Texas Rule of Appellate Procedure 49.12, a certificate of conference is not required for a motion for rehearing or en banc reconsideration of a panel's decision.

/s/ Retaka Nelson
Retaka Nelson

## Certificate of Service

I certify that a true copy of the all documents herein were served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Shannon Brochette Nelson         Via Shari Goldsberry
PO Box 57765
Webster, TX 77598
Ph: (832) 240-6911
Email: sbnelson31@yahoo.com
*Appellee*

Shari Goldsberry                 Via E-Serve on 4/13/015
Texas Bar No. 24038398
Marina Bay Dr. Suite #108
League City, TX 77573
Ph: (281) 533-3030
Fx: (281) 533-3033
Email: shari@goldsberrylaw.com
*Attorney for Appellee*

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Appellate Procedure.

/s/ Retaka Nelson
Retaka Nelson

## **Unsworn Declaration**

*(Texas Civil Practice and Remedies Code, Section 132.001)*

My name is: Retaka Romeo Nelson. My date of birth is ██████, and my mailing address is: P.O. Box 7367, Los Angeles, CA 90007, Los Angeles County, United States of America. I declare under penalty of perjury that all information in this unsworn declaration and first amended motion for rehearing, and the attached documents is/are true and correct and within my personal knowledge.

Signed in Los Angeles County, CA,

On this date: 04/14/2015

/s/ Retaka Nelson
Retaka Nelson

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

## **Appendix**

**Tab**     **Contents**

A     Order Sustaining Contest to Affidavit

B     Disagreements on Lost Records

C     First District Court Order to File Record

D     Requests and Order to Supplement

E     Tex. Fam. Code 153.001 and 153.502(a-1)

F     Tex. R. App. P. 34.6

G     Tex. R. Civ. P.266

H     Tex. R. Civ. P.107

I     Tex. R. Civ. P.21a

J     Tex. R. Civ. P. 106

K     Tex. R. Civ. P. 124

L     Tex. R. Civ. P. 99(a)

M     Tex. R. Civ. P. 239a

N     Tex. Const. Art. I sec 30(2)

O     Final Decree of Divorce

P     Signed Order of Written Findings of
      Defective Service of Counter-Petition and
      Citation

**Appendix Tab A:**
**Judgment and Order**
**Sustaining Contest to Pauper's Oath**

| | | |
|---|---|---|
| RETAKA ROMEO NELSON | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHANNON BROCHETTE NELSON | § | 312TH JUDICIAL DISTRICT |

## JUDGMENT AND ORDER SUSTAINING CONTEST TO PAUPER'S OATH

BE IT REMEMBERED that on this day, _3/2/_ , 20_12_ , came on to be heard the Contest to the Affidavit of Inability to pay filing fees or post a Cost Bond of Affiant, in the above numbered and entitled cause. The Court, after considering the evidence and the argument of counsel, finds that Affiant RETAKA ROMEO NELSON is able to pay all filing fees, or to give security therefore, that the affidavit was not filed in good faith and that such contest should be and is hereby sustained. Affiant was notified by certified mail return receipt requested and regular mail.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that the Contest to the Affidavit of Affiant RETAKA ROMEO NELSON to proceed in this matter without payment of the filing fees or any part thereof, or to give security therefore is SUSTAINED.

IT IS FURTHER ORDERED that the District Clerk of Harris County shall not proceed to process any further actions or settings on this case unless and until the Affiant RETAKA ROMEO NELSON pays in full all filing fees in the amount of $262.00 plus any and all costs incurred in the process of this case. Affiant shall pay the above fees and costs on or before date _5/4/12_ In the event, the District Clerk of Harris County does not receive payment for all fees and costs on or before (date) _5/4/12_, the case shall be dismissed without prejudice. Upon dismissal, the District Clerk of Harris County shall have a Judgment against Affiant RETAKA ROMEO NELSON in the amount of $262.00 for all costs and filing fees, together with the legal interest rate. The District Clerk of Harris County shall have all rights to enforce and collect said judgment.

SIGNED this _____ day of __**MAR 3 0 2012**__

_____
HARRISON GREGG, JR.
SENIOR ASSISTANT COUNTY ATTORNEY
SB: 08429500

_____
JUDGE PRESIDING

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2012 FEB 23 PM 3: 53
BY _____ DEPUTY

259

**Appendix Tab B:
Emails Regarding Disagreements on
Replacing Lost and Destroyed Records**



# Fwd: Shannon's Trial & Appellate Attorney

1 message

**Taka Take** <thetakesta@gmail.com>                                    Sat, Mar 29, 2014 at 6:38 PM
To: Leif Olson <leif@olsonappeals.com>


---------- Forwarded message ----------
From: **Shari Goldsberry** <shari@goldsberrylaw.com>
Date: Sun, Dec 8, 2013 at 3:40 PM
Subject: Re: Shannon's Trial & Appellate Attorney
To: thetakesta <thetakesta@gmail.com>


I only represent her on appeal.

Sent from my iPhone

On Dec 8, 2013, at 3:02 PM, thetakesta <thetakesta@gmail.com> wrote:

> Cause No. 2012-04063
> Appellate Case No. 01-13-00816
>
> Mrs. Goldsberry,
>
> Are you both Shannon's Appellate Attorney <u>and</u> her Trial Attorney? Or is Mrs. Tewal still her Trial Attorney?
>
> Regarding Lost and Destroyed Records, as well as Original Records on Appeal, I may need to file a motion with the trial court, and I need to know which attorney to serve trial court notices on.
>
> Also if you are Shannon's new trial attorney, can you ask Shannon if she is interested in signing an Agreed Motion to Seal Trial Court Records from public view.
>
>
> /s/ Retaka Nelson
> Date: 12/8/2013



# Fwd: Stipulations

1 message

**Taka Take** <thetakesta@gmail.com>                                      Sat, Mar 29, 2014 at 6:37 PM
To: Leif Olson <leif@olsonappeals.com>

Do you oppose


On Wed, Dec 4, 2013 at 2:46 PM, Shari Goldsberry <shari@goldsberrylaw.com> wrote:

We make no agreements regarding stipulations.

Thank you,
-Shari
Sent from my iPhone

# Appendix Tab C:
# First District Court Order to File Record

## CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK
## CIVIL/FAMILY POST TRIAL

**DATE:** October 17, 2013

**FIRST COURT OF APPEALS INFORMATION SHEET BY TRIAL COURT CLERK**

**FILED IN**
**1st COURT OF APPEALS**
**HOUSTON, TEXAS**
**10/17/2013 9:00:12 AM**
**CHRISTOPHER A. PRINE**
**Clerk**

*Note to trial court clerk: You are expected to file the clerk's record by the original due date. If you cannot, you should advise the Clerk of the First Court of Appeals immediately in writing, stating the reason and the date by which the record will be filed. Generally speaking, for good cause shown, the Court will grant no more than two extensions from the original due date, each extension not to exceed 30 days.*

*Appellate Case Number* **01-13-00816-CV**

*Trial Court Case Number:* **2012-04063**

**Retaka Romeo Nelson vs. Shannon Brochette Nelson**

*Trial Court Number* **308TH**

---

### Information from Trial Court Clerk

\_\_\_\_\_ The clerk's record will be completed and filed with the appellate court clerk by the original due date, subject to payment arrangements being made.

**XXX** The clerk's record will not be filed by the original due date. (Please state reasons below)
Reason(s): **We received a correspondent by way of the runner (Scott) 10/16/2013 asking to send Clerk's record on indigence no later than (October 8, 2013); the file has been send to Imaged department (a box) to be imaged this week. I don't know how long it's going to take to get the entire filed imaged, but as soon as they finish we will send items pertaining to indigence Affidavit. Mr. Nelson Pauper Affidavit was denied 10/02/2013.**

I believe I can file the clerk's record by \_\_\_\_\_, and I request an extension.

Appellant has not made payment arrangements.
\_\_\_\_\_ Appellant has been notified that the clerk's record is ready.
\_\_\_\_\_ Appellant has made payment arrangements.

**Clerk's Signature:** \_/S/ Patricia Tippins_____
Patricia Tippins Civil/Family Post Trial Clerk
Harris County District Clerk

District Clerk's LetterOnReceipt NOAatt.wpd



## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

NOTICE

Appellate case name:     Retaka Romeo Nelson v. Shannon Brochette Nelson

Appellate case number:   01-13-00816-CV

Trial court case number:  2012-04063

Trial court:             308th District Court of Harris County

On October 4, 2013, the appellant filed a motion challenging the trial court's order sustaining a contest to his affidavit of indigence.

Accordingly, the trial-court clerk is directed to prepare, certify, and file with this Court, without advance payment of costs, a clerk's record on indigence containing the following documents, if any: the affidavit(s) of indigence, contest(s) to the affidavit(s) of indigence, the trial court's signed order(s) extending the time for conducting a hearing on the contest, the notice(s) of hearing on the affidavit(s) of indigence, the trial court's signed order ruling on the contest(s) to the affidavit(s) of indigence, and any other documents directly related to the question of the indigence status of appellant. *See* TEX. R. APP. P. 20.1(j)(3), 34.5(c)(1).

Further, the court reporter is directed to prepare, certify, and file, without advance payment of costs, the reporter's record from any hearing on the contest to appellant's affidavit of indigence. *See* TEX. R. APP. P. 20.1(j)(3), 34.6(d).

Both the clerk's record on indigence and the reporter's record of the hearing on the contest are due to be filed in the First Court of Appeals no later than **October 8, 2013**. *See* TEX. R. APP. P. 20.1(j)(3) (requiring record be filed within three days after motion is filed).

Clerk's Signature: /s/ Christopher A. Prine
                    Clerk of the Court

Date: October 7, 2013

**FILED**
Chris Daniel
District Clerk

OCT 16 2013

Time: _____
Harris County, Texas
By _____
Deput/



ORDER

Appellate case name:        Retaka Romeo Nelson v. Shannon Brochette Nelson

Appellate case number:      01-13-00816-CV

Trial court case number:    2012-04063

Trial court:                308th District Court of Harris County

On October 4, 2013, appellant, Retaka Romeo Nelson, filed a motion challenging the trial court's order sustaining a contest to his affidavit of indigence. *See* TEX. R. APP. P. 20.1(j)(1). The motion was filed within 10 days after appellant filed his notice of appeal and within 10 days after the order sustaining the contest was signed. *See* TEX. R. APP. P. 20.1(j)(2). Nevertheless, the trial court clerk did not file the clerk's record related to indigence until October 30, 2013. *See* TEX. R. APP. P. 20.1(j)(3) (requiring record to be filed within three days after motion challenging order sustaining contest is filed). As a result, we were unable to rule on the motion within 10 days after it was filed, the motion was granted by operation of law, and appellant is entitled to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(j)(4).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs. *See* TEX. R. APP. P. 20.1(k), (n).

It is further **ORDERED** that the District Clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a), and that the Court Reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record. *See* TEX. R. APP. P. 20.1(k), 35.1(a), (c).

Appellant's brief is **ORDERED** filed with this Court within 30 days after the later of the date the clerk's record is filed or the date the reporter's record is filed. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 30 days after the date appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Appellant's "Motion to Sign Order Pursuant to Rule 20.1(J)(4)" and "Motion to Extend Time" are **DISMISSED** as moot.

It is so ORDERED.

Judge's signature:/s/ Michael Massengale
                 ☒ Acting individually     ☐ Acting for the Court

Date:  November 5, 2013

# Appendix Tab D:
# Requests and Orders to Supplement Record



# RE: Request to File Omitted Exhibits - Appellate Case 01-13-0016-CV;Nelson v. Nelson

1 message

**Geneva Villanueva** <csrgenevapina@aol.com>                    Thu, Mar 20, 2014 at 5:08 PM
To: Taka Take <thetakesta@gmail.com>

> Sorry. When I checked with the exhibit warehouse, the exhibits could not be located & I have my reporter
> sheet showing I filed them.

**From:** Taka Take
**Sent:** 3/20/2014 12:56 AM
**To:** Leticia Salas; Geneva Pina; Hipolita Lopez; Hipolita Lopez
**Subject:** Request to File Omitted Exhibits - Appellate Case 01-13-0016-CV;Nelson v. Nelson

TO:
REPORTER HIPOLITA G. LOPEZ, and
REPORTER GENEVA M. VILLANUEVA

CC:
REPORTER LETICIA V. SALAS

RE:
Request to Supplement Omitted Exhibits from Reporter's Record, Divorce Cause 0122-04063; Appellate Case 01-13-00816-CV

Hello, I did not see any exhibits attached to the following Reporter's Records below, which I originally requested some months ago.  Please let me know what exhibits you find as soon as possible and please file the missing exhibits, and an index list of the omitted exhibits in the First Court of Appeals before the Appellant brief is due.

HEARING 6-12-12 (REPORTER HIPOLITA G. LOPEZ)
RR (VOL 01 OF 2) FLD 021114

HEARING 6-13-12 (REPORTER HIPOLITA G. LOPEZ)
RR (VOL 02 OF 2) FLD 021114

HEARING 6-11-12 (REPORTER GENEVA M. VILLANUEVA)
RR (VOL 01 OF 03) FLD 022614

HEARING 6-12-12 (REPORTER GENEVA M. VILLANUEVA)
RR (VOL 02 OF 03) FLD 022614

HEARING 6-13-12 (REPORTER GENEVA M. VILLANUEVA)
RR (VOL 03 OF 03) FLD 022614

Thank you

Retaka Nelson
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

On Wed, Mar 19, 2014 at 4:22 AM, Leticia Salas <lsrealtime@gmail.com> wrote:

> I will match it up and check it. Also, this volume was from the trial date 6/11/13
>
> On Mar 19, 2014 1:09 AM, "Taka Take" <thetakesta@gmail.com> wrote:
>
>> Right only a portion was copied.
>>
>> On Tue, Mar 18, 2014 at 7:29 AM, Leticia Salas <lsrealtime@gmail.com> wrote:
>>
>>> Okay. I will look for it.
>>>
>>> Are you saying the whole document was not copied? Is that what you're looking for?
>>>
>>> On Mon, Mar 17, 2014 at 10:51 PM, Taka Take <thetakesta@gmail.com> wrote:
>>>
>>>> I'll try to call you at work but here is what I'm seeking...The business records from SAFE was an exhibit admitted into evidence at trial on 6/6/13.
>>>>
>>>> Inside of the multiple pages of SAFE's business records there is a page called Harris County Sheriff's Office - Citation, which is specifically page 161 of a 234 page PDF filed with the Appellate Court. All is inside of the PDF that contains the trial exhibits.
>>>>
>>>> On Mon, Mar 17, 2014 at 7:02 AM, Leticia Salas <lsrealtime@gmail.com> wrote:
>>>>
>>>>> You will need to call me at work, as I have the transcript file at work on the computer. Can you e-mail me what you are talking about? I don't remember having a Volume 6B.
>>>>>
>>>>> let me know.
>>>>>
>>>>> E-mail me the portion and tell me exactly what you're talking about.
>>>>>
>>>>> Thanks,
>>>>>
>>>>> On Wed, Mar 12, 2014 at 7:46 PM, Taka Take <thetakesta@gmail.com> wrote:
>>>>>
>>>>>> Hi I will try to call tomorrow, I could not call this morning.
>>>>>>
>>>>>> However if you have an evening phone I could call it.
>>>>>>
>>>>>> On Wed, Mar 12, 2014 at 7:28 AM, Leticia Salas <lsrealtime@gmail.com> wrote:
>>>>>>
>>>>>>> Call me right now, it's a good time at 713-755-4802
>>>>>>>
>>>>>>> On Tue, Mar 11, 2014 at 10:04 PM, Taka Take <thetakesta@gmail.com> wrote:
>>>>>>>
>>>>>>>> Mrs. Salas,
>>>>>>>>
>>>>>>>> Hi, did you delete the audio recordings of the hearings?
>>>>>>>>
>>>>>>>> Also thank you so much for all that you do. Do you have a phone number and preferred time where I can I call you to ask a question about page 161 of RR (Vol 06B of 9) FLD 012314.pdf? It is very important.

Thank you,

Taka

On Tue, Mar 11, 2014 at 2:11 PM, Leticia Salas <lsrealtime@gmail.com> wrote:

> No I don't.
>
> On Mar 10, 2014 5:10 PM, "Taka Take" <thetakesta@gmail.com> wrote:
>
>> Mrs. Salas,
>>
>> Hello do you still have a copy of audio recordings of each hearing that you have transcribed in my divorce case? The grey-colored audio recorder that I used to see in Court 308 whenever you were reporting.
>>
>> Taka

--
The sky's the limit. Keep reaching for the stars!
Leticia V. Salas, CSR-RPR

--
The sky's the limit. Keep reaching for the stars!
Leticia V. Salas, CSR-RPR

--
The sky's the limit. Keep reaching for the stars!
Leticia V. Salas, CSR-RPR


# RE: NONCONCLUSIVE LIST of Hearings by Mrs Geneva, Mrs Hipolita, and Mrs Majors on Docket Sheet

1 message

**Majors, Barbara (DCA)** <Barbara_Majors@justex.net>                    Fri, Nov 15, 2013 at 3:39 PM
To: thetakesta <thetakesta@gmail.com>

I will contact the reporters and forward your information.

---

**From:** thetakesta [mailto:thetakesta@gmail.com]
**Sent:** Wednesday, November 13, 2013 10:14 PM
**To:** Geneva Pina; Hipolita Lopez; Majors, Barbara (DCA)
**Subject:** NONCONCLUSIVE LIST of Hearings by Mrs Geneva, Mrs Hipolita, and Mrs Majors on Docket Sheet

Attached is a copy of the docket sheet that shows when Geneva, and Hipolita reported.  This is only to help, and is not to be considered conclusive of all hearings reported.

**I cannot read who reported on 8/2/2012? Which reporter is 8/2/2012 on the docket sheet..."record by Con___ Addison"? Who is that?**

NONCONCLUSIVE LIST of Hearings

Cause 2012-04063, Court 312

Retaka Nelson



ORDER

Appellate case name:     Retaka Romeo Nelson v. Shannon Brochette Nelson

Appellate case number:   01-13-00816-CV

Trial court case number: 2012-04063

Trial court:             308th District Court of Harris County

On November 5, 2013, this Court issued an order finding appellant to be indigent and ordered the filing of the reporter's record by December 5, 2013, at no cost to appellant. On that date, eight court reporters filed a joint letter requesting that this Court either (i) order appellant to limit his record request to only those matters he intends to appeal or (ii) grant the reporters until March 5, 2014 to prepare the record requested by appellant.

The court reporters' request is **granted, in part**. There is no requirement that an indigent appellant identify his appellate issues in advance of obtaining an appellate record — indeed, a record is usually required to determine what issues may be viable on appeal. The remainder of the reporter's record shall be filed in this court **no later than February 28, 2014**. No further extensions will be granted absent extraordinary circumstances.

IT IS SO ORDERED.

Judge's signature: /s/ Michael Massengale
                    Acting individually

Date: January 30, 2014

**Appendix Tab E:**
**Tex. Fam. Code § 153.001**
**And**
**Tex. Fam. Code § 153.502(a-1)**

FAMILY CODE

TITLE 5. THE PARENT-CHILD RELATIONSHIP AND THE SUIT AFFECTING THE
PARENT-CHILD RELATIONSHIP

SUBTITLE B. SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP

CHAPTER 153. CONSERVATORSHIP, POSSESSION, AND ACCESS


SUBCHAPTER A. GENERAL PROVISIONS


Sec. 153.001.  PUBLIC POLICY. (a)  The public policy of this state is to:

(1)  assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

(2)  provide a safe, stable, and nonviolent environment for the child;  and

(3)  encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

(b)  A court may not render an order that conditions the right of a conservator to possession of or access to a child on the payment of child support.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, Sec. 25, eff. Sept. 1, 1995;  Acts 1999, 76th Leg., ch. 787, Sec. 2, eff. Sept. 1, 1999.


Sec. 153.002.  BEST INTEREST OF CHILD.  The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.


Sec. 153.003.  NO DISCRIMINATION BASED ON SEX OR MARITAL STATUS.  The court shall consider the qualifications of the parties without regard to their marital status or to the sex of the party or the child in determining:

(1)  which party to appoint as sole managing conservator;

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 561, Sec. 4, eff. Sept. 1, 1997;  Acts 1999, 76th Leg., ch. 1390, Sec. 13, eff. Sept. 1, 1999. Amended by:

Acts 2005, 79th Leg., Ch. 484 (H.B. 261), Sec. 5, eff. September 1, 2005.


SUBCHAPTER I. PREVENTION OF INTERNATIONAL PARENTAL CHILD ABDUCTION

Sec. 153.501.  NECESSITY OF MEASURES TO PREVENT INTERNATIONAL PARENTAL CHILD ABDUCTION.  (a)  In a suit, if credible evidence is presented to the court indicating a potential risk of the international abduction of a child by a parent of the child, the court, on its own motion or at the request of a party to the suit, shall determine under this section whether it is necessary for the court to take one or more of the measures described by Section 153.503 to protect the child from the risk of abduction by the parent.

(b)  In determining whether to take any of the measures described by Section 153.503, the court shall consider:

(1)  the public policies of this state described by Section 153.001(a) and the consideration of the best interest of the child under Section 153.002;

(2)  the risk of international abduction of the child by a parent of the child based on the court's evaluation of the risk factors described by Section 153.502;

(3)  any obstacles to locating, recovering, and returning the child if the child is abducted to a foreign country;  and

(4)  the potential physical or psychological harm to the child if the child is abducted to a foreign country.

Added by Acts 2003, 78th Leg., ch. 612, Sec. 1, eff. June 20, 2003.


Sec. 153.502.  ABDUCTION RISK FACTORS.  (a)  To determine whether there is a risk of the international abduction of a child by a parent of the child, the court shall consider evidence that the parent:

(1)  has taken, enticed away, kept, withheld, or concealed a child in violation of another person's right of possession of or access to the child, unless the parent presents evidence that the parent believed in good faith that the parent's conduct was necessary to avoid imminent harm to the child or the parent;

(2)  has previously threatened to take, entice away, keep, withhold, or conceal a child in violation of another person's right of possession of or access to the child;

(3)  lacks financial reason to stay in the United States, including evidence that the parent is financially independent, is able to work outside of the United States, or is unemployed;

(4)  has recently engaged in planning activities that could facilitate the removal of the child from the United States by the parent, including:

(A)  quitting a job;

(B)  selling a primary residence;

(C)  terminating a lease;

(D)  closing bank accounts;

(E)  liquidating other assets;

(F)  hiding or destroying documents;

(G)  applying for a passport or visa or obtaining other travel documents for the parent or the child; or

(H)  applying to obtain the child's birth certificate or school or medical records;

(5)  has a history of domestic violence that the court is required to consider under Section 153.004; or

(6)  has a criminal history or a history of violating court orders.

(a-1)  In considering evidence of planning activities under Subsection (a)(4), the court also shall consider any evidence that the parent was engaging in those activities as a part of a safety plan to flee from family violence.

(b)  If the court finds that there is credible evidence of a risk of abduction of the child by a parent of the child based on the court's consideration of the factors in Subsection (a), the court shall also consider evidence regarding the following factors to evaluate the risk of international abduction of the child by a parent:

**Appendix Tab F:**
**Tex. R. App. P. 34.6**

(1) Time for Request. At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record.

(2) Request Must be Specific. A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can readily identify it. The clerk will disregard a general designation, such as one for "all papers filed in the case."

(3) Requesting Unnecessary Items. In a civil case, if a party requests that more items than necessary be included in the clerk's record or any supplement, the appellate court may — regardless of the appeal's outcome — require that party to pay the costs for the preparation of the unnecessary portion.

(4) Failure to Timely Request. An appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record.

(c) *Supplementation*.

(1) If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.

(2) If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law as required by law, or certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions.

(3) Any supplemental clerk's record will be part of the appellate record.

(d) *Defects or Inaccuracies*. If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.

(e) *Clerk's Record Lost or Destroyed*. If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial

court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must — on any party's motion or at the appellate court's request — determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

(f) *Original Documents*. If the trial court determines that original documents filed with the trial court clerk should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those original documents. The order must list the original documents and briefly describe them. All the documents must be arranged in their listed sequence and bound firmly together. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original document.

(g) *Additional Copies of Clerk's Record in Criminal Cases*. In a criminal case, the clerk's record must be made in duplicate, and in a case in which the death penalty was assessed, in triplicate. The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

(h) *Clerk May Consult With Parties*. The clerk may consult with the parties concerning the contents of the clerk's record.

**34.6. Reporter's Record**

(a) *Contents*.

(1) Stenographic Recording. If the proceedings were stenographically recorded, the reporter's record consists of the court reporter's transcription of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate.

(2) Electronic Recording. If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2.

(b) *Request for preparation*.

(1) Request to Court Reporter. At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter

prepare the reporter's record. The request must designate the exhibits to be included. A request to the court reporter — but not the court recorder — must also designate the portions of the proceedings to be included.

(2) Filing. The appellant must file a copy of the request with the trial court clerk.

(3) Failure to Timely Request. An appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of a failure to timely request it.

(c) *Partial Reporter's Record.*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) Costs; Requesting Unnecessary Matter. Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect the appellate court's power to tax costs differently.

(4) Presumptions. The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

(5) Criminal Cases. In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

(d) *Supplementation.* If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record.

(e) *Inaccuracies in the Reporter's Record.*

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must – after notice and hearing – settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

(f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or – if the proceedings were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by

agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

(g)  *Original Exhibits*.

(1)  Reporter May Use in Preparing Reporter's Record. At the court reporter's request, the trial court clerk must give all original exhibits to the reporter for use in preparing the reporter's record. Unless ordered to include original exhibits in the reporter's record, the court reporter must return the original exhibits to the clerk after copying them for inclusion in the reporter's record. If someone other than the trial court clerk possesses an original exhibit, either the trial court or the appellate court may order that person to deliver the exhibit to the trial court clerk.

(2)  Use of Original Exhibits by Appellate Court. If the trial court determines that original exhibits should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those exhibits. The order must list the exhibits and briefly describe them. To the extent practicable, all the exhibits must be arranged in their listed order and bound firmly together before being sent to the appellate clerk. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original exhibit.

(h)  *Additional Copies of Reporter's Record in Criminal Cases*. In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk. In a case where the death penalty was assessed, the court reporter must prepare two duplicates of the reporter's record.

(i)  *Supreme Court and Court of Criminal Appeals May Set Fee*. From time to time, the Supreme Court and the Court of Criminal Appeals may set the fee that the court reporters may charge for preparing the reporter's record.

### Notes and Comments

Comment to 1997 change: Former Rules 50, 51 and 53 are merged. *Clerk's record* is substituted for *transcript*, and *reporter's record* is substituted for *statement of facts* throughout the rules. In subdivision 34.2, the requisites of an agreed record are more clearly stated. Former Rule 50(d), regarding the burden to file a complete record, is repealed. Subdivision 34.4 is from former Rules 51(c) and 53(h). Former Rule 50(f), regarding a violation of the rules, is repealed. Subparagraph 34.5(b)(3) allows the appellate court to tax costs against a party for requiring unnecessary items to be included in the clerk's record. Paragraph 34.5(c) is new and provides for supplementation of the clerk's record. The provisions of paragraph 34.5(d) are from former Rule 55(b). The provisions of paragraph 34.5(e) are from former Rule 50(e). Paragraph 34.5(h) specifically allows the clerk to consult with the parties to determine the contents of the clerk's record. Paragraph 34.6(a), defining the reporter's record, is new. Former Rules 53(b) (Other Requests), (d) (Partial Statement), and (e) (Unnecessary Portions) are merged into paragraph 34.6(c). Paragraph 34.6(d) is new. Paragraph 34.6(e) is from former Rule 55. Paragraph 34.6(f) is from former Rule 50(d). The provisions of former Rules 53(f) (Certification by Court Reporter) and (h) (Form) are moved to the Order of the Supreme Court and the Court of Criminal Appeals on the preparation of the record. Former Rule 53(I) (Narrative Statement) is repealed. The provisions of former Rule 53(j) (Free Statement of Facts) are moved to Rule 20. Former Rule 53(k) (Duty of Appellant to File) is repealed; it is now the duty of the court reporter to file the reporter's record. Paragraph 34.6(g) is from former Rule 51(d). Former Rule 53(g) is now paragraph 34.6(I). Former Rule 53(l) is now paragraph 34.6(h). The need for two duplicate records in a death penalty case was created by the habeas corpus provision in Code of Criminal Procedure article 11.071.

Comment to 2002 change: Rule 34.5(a) is amended to require that the record in a criminal case include the certification of defendant's right of appeal; see Rule 25.2(d). Rule 34.5(c) is amended to make clear that an appellate court may order the trial court to make such a certification for inclusion in a supplemental clerk's record. Subparagraphs 34.6(e) and (f) are amended to clarify the application to exhibits. The language in subparagraph (e)(2) referring to the text of the record is simplified without substantive change. Subparagraph (e)(3) incorporates the procedures specified in (e)(2). The language in subparagraph (f) is clarified to require agreement only as to the portion of the text at issue, and to provide that the trial court may determine that a copy of an exhibit should be used even if the parties cannot agree.

### Rule 35.  Time to File Record; Responsibility for Filing Record

**35.1.  Civil Cases**

The appellate record must be filed in the appellate court within 60 days after the judgment is signed, except as follows:

(a)  if Rule 26.1(a) applies, within 120 days after the judgment is signed;

**Appendix Tab G:**
**Tex. R. Civ. P. Rule 266**

(b)     The party upon whom rests the burden of proof on the whole case shall then introduce his evidence.

(c)     The adverse party shall briefly state the nature of his claim or defense and what said party expects to prove and the relief sought unless he has already done so.

(d)     He shall then introduce his evidence.

(e)     The intervenor and other parties shall make their statement, unless they have already done so, and shall introduce their evidence.

(f)     The parties shall then be confined to rebutting testimony on each side.

(g)     But one counsel on each side shall examine and cross-examine the same witness, except on leave granted.


## RULE 266.  OPEN AND CLOSE - ADMISSION

Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, whereupon the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause. The admission shall not serve to admit any allegation which is inconsistent with such defense, which defense shall be one that defendant has the burden of establishing, as for example, and without excluding other defenses: accord and satisfaction, adverse possession, arbitration and award, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, release, res judicata, statute of frauds, statute of limitations, waiver, and the like.


## RULE 267.  WITNESSES PLACED UNDER RULE

(a)     At the request of either party, in a civil case, the witnesses on both sides shall be sworn and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under the rule.

(b)     This rule does not authorize exclusion of (1) a party who is a natural person or the spouse of such natural person, or (2) an officer or employee of a party that is not a natural person and who is designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the cause.

**Appendix Tab H:**
**Tex. R. Civ. P. Rule 107**

The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

## RULE 106.  METHOD OF SERVICE

(a)     Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1)     delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2)     mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b)     Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1)     by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2)     in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

## RULE 107.  RETURN OF SERVICE

(a)     The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation.

(b)     The return, together with any documents to which it is attached, must include the following information:

(1)     the cause number and case name;

(2)     the court in which the case is filed;

(3)     a description of what was served;

(4)     the date and time the process was received for service;

(5)     the person or entity served;

(6)     the address served;

(7)     the date of service or attempted service;

**Appendix Tab I:**
**Tex. R. Civ. P. Rule 21a**

appear, unless the document is notarized or sworn; or

    (B)    an electronic image or scanned image of the signature.

(8)    Format.  An electronically filed document must:

    (A)    be in text-searchable portable document format (PDF);

    (B)    be directly converted to PDF rather than scanned, if possible;

    (C)    not be locked; and

    (D)    otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(9)    Paper Copies.  Unless required by local rule, a party need not  file a paper copy of an electronically filed document.

(10)    Electronic Notices From the Court.  The clerk may send notices, orders, or other communications about the case to the party electronically.  A court seal may be electronic.

(11)    Non-Conforming Documents.  The clerk may not refuse to file a document that fails to conform with this rule.  But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format.

(12)    Original Wills. When a party electronically files an application to probate a document as an original will, the original will must be filed with the clerk within three business days after the application is filed.

(13)    Official Record.  The clerk may designate an electronically filed document or a scanned paper document as the official court record.  The clerk is not required to keep both paper and electronic versions of the same document unless otherwise required by local rule. But the clerk must retain an original will filed for probate in a numbered file folder.

Comment to 2013 Change:  Rule 21 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order - Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164 - mandating electronic filing in civil cases beginning on January 1, 2014. The mandate will be implemented according to the schedule in the order and will be completed by July 1, 2016.  The revisions reflect the fact that the mandate will only apply to a subset of Texas courts until that date.

## RULE 21a.  METHODS OF SERVICE

(a)    Methods of Service.  Every notice required by these rules, and every pleading, plea, motion,

or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

> (1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

> (2) Documents Not Filed Electronically. A document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) When Complete.

> (1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

> (2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

> (3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) Time for Action After Service. Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d) Who May Serve. Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

(e) Proof of Service. The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f) Procedures Cumulative. These provisions are cumulative of all other methods of service prescribed by these rules.

# Appendix Tab J:
# Tex. R. Civ. P. Rule 106

The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

## RULE 106.  METHOD OF SERVICE

(a)     Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

    (1)     delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

    (2)     mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b)     Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

    (1)     by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

    (2)     in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

## RULE 107.  RETURN OF SERVICE

(a)     The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation.

(b)     The return, together with any documents to which it is attached, must include the following information:

    (1)     the cause number and case name;

    (2)     the court in which the case is filed;

    (3)     a description of what was served;

    (4)     the date and time the process was received for service;

    (5)     the person or entity served;

    (6)     the address served;

    (7)     the date of service or attempted service;

# Appendix Tab K:
# Tex. R. Civ. P. Rule 124

affirmatively that the affiant is competent to testify.

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Should it appear to the satisfaction of the court at any time that any of such affidavits are presented in violation of Rule 13, the court shall impose sanctions in accordance with that rule.

4.    If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

## RULE 121.  ANSWER IS APPEARANCE

An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.

## RULE 122.  CONSTRUCTIVE APPEARANCE

If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

## RULE 123.  REVERSAL OF JUDGMENT

Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed.

## RULE 124.  NO JUDGMENT WITHOUT SERVICE

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.

When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21(a).

**Appendix Tab L:**
**Tex. R. Civ. P. Rule 99(a)**

(c) **Counterclaim Exceeding Opposing Claim.**  A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party, so long as the subject matter is within the jurisdiction of the court.

(d) **Counterclaim Maturing or Acquired After Pleading.**  A claim which either matured or was acquired by the pleader after filing his pleading may be presented as a counterclaim by amended pleading.

(e) **Cross-Claim Against Co-Party.**  A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

(f) **Additional Parties.**  Persons other than those made parties to the original action may be made parties to a third party action, counterclaim or cross-claim in accordance with the provisions of Rules 38, 39 and 40.

(g) Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same.

(h) **Separate Trials; Separate Judgments.**  If the court orders separate trials as provided in Rule 174, judgment on a counterclaim or cross-claim may be rendered when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of.


## RULE 98.  SUPPLEMENTAL ANSWERS

The defendant's supplemental answers may contain special exceptions, general denial, and the allegations of new matter not before alleged by him, in reply to that which has been alleged by the plaintiff.


### SECTION 5.  CITATION

### RULE 99.  ISSUANCE AND FORM OF CITATION

a. **Issuance.**  Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk.  The clerk must retain a copy of the citation in the court's file.

b. **Form.**  The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of

**Appendix Tab M:**
**Tex. R. Civ. P. Rule 239a**

## RULE 238.  CALL OF APPEARANCE DOCKET

On the appearance day of a particular defendant and at the hour named in the citation, or as soon thereafter as may be practicable, the court or clerk in open court shall call, in their order, all the cases on the docket in which such day is appearance day as to any defendant, or, the court or clerk failing therein, any such case shall be so called on request of the plaintiff's attorney.

## RULE 239.  JUDGMENT BY DEFAULT

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107.

## RULE 239a.  NOTICE OF DEFAULT JUDGMENT

At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment.

## RULE 240.  WHERE ONLY SOME ANSWER

Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others.

## RULE 241.  ASSESSING DAMAGES ON LIQUIDATED DEMANDS

When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury.

# Appendix Tab N:
# Tex. Const. Art. I § 30(2)

Sec. 29.  PROVISIONS OF BILL OF RIGHTS EXCEPTED FROM POWERS OF GOVERNMENT; TO FOREVER REMAIN INVIOLATE.  To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

Sec. 30.  RIGHTS OF CRIME VICTIMS.  (a) A crime victim has the following rights:

(1)  the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process; and

(2)  the right to be reasonably protected from the accused throughout the criminal justice process.

(b)  On the request of a crime victim, the crime victim has the following rights:

(1)  the right to notification of court proceedings;

(2)  the right to be present at all public court proceedings related to the offense, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial;

(3)  the right to confer with a representative of the prosecutor's office;

(4)  the right to restitution; and

(5)  the right to information about the conviction, sentence, imprisonment, and release of the accused.

(c)  The legislature may enact laws to define the term "victim" and to enforce these and other rights of crime victims.

(d)  The state, through its prosecuting attorney, has the right to enforce the rights of crime victims.

(e)  The legislature may enact laws to provide that a judge, attorney for the state, peace officer, or law enforcement agency is not liable for a failure or inability to provide a right enumerated

# Appendix Tab O:
# Final Decree of Divorce

NO. <u>2012-04063</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RETAKA ROMEO NELSON A/K/A | § | |
| TAKE JONES | § | |
| AND | § | 308TH JUDICIAL DISTRICT |
| SHANNON BROCHETTE NELSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| KMN AND | § | HARRIS COUNTY, TEXAS |
| APN, CIDLDREN | § | |

## <u>FINAL DECREE OF DIVORCE</u>

On June 11, 2013 the Court heard and rendered the following judgment in this case.

*Appearances*

Petitioner/Counter-Respondent, RETAKA ROMEO NELSON A/K/A TAKE JONES,

who appeared pro se, made a general appearance, and appeared at trial. *over objection*

*of Petitioner.*

Respondent/Counter-Petitioner, SHANNON BROCHETTE NELSON, appeared through

attorney of record, D. Michelle Tewal, and announced ready for trial.

Also appearing was Attorney Jolanda Jones, appointed by the Court as amicus attorney to

assist the Court in protecting the best interests of the children the subject of this suit, who

announced ready for trial.

*Record*

The record of testimony was duly reported by the court reporter for the 308th Judicial

District Court.



**FILED**
Chris Daniel
District Clerk

JUN 2 6 2013

Time: _____
Harris County, Texas
By _____

*Jurisdiction and Domicile*

The Court finds that the pleadings of Respondent are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Respondent had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

~~Struck by the Court~~

A jury request was made by Petitioner, but was ~~ultimately waived after the request was properly struck~~ by the Court, and questions of fact and of law were submitted to the Court. *over objection of Petitioner.*

*JA*

*Divorce*

IT IS ORDERED AND DECREED that SHANNON BROCHETTE NELSON, Respondent, is granted a divorce from RETAKA ROMEO NELSON A/K/A TAKE JONES, Petitioner, because of cruel treatment toward Respondent by Petitioner of a nature that renders further living together insupportable, and the marriage between them is dissolved on the ground of cruelty.

*Children of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children:

Name: KMN

Sex: Female

Birth date: February 12, 2006

2

1524

Home state:    Texas

Social Security number:        XXX-XX-_____

Driver's license number and issuing state:     n/a

Name: APN

Sex:    Female

Birth date:    January 20, 2009

Home state:    Texas

Social Security number:        XXX-XX-_____

Driver's license number and issuing state:     n/a

The Court finds no other children of the marriage are expected.

### Parenting Plan

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the children, possession of and access to the children, child support, and optimizing the development of a close and continuing relationship between each party and the children constitute the parenting plan established by the Court.

### Conservatorship

The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children.

IT IS ORDERED that SHANNON BROCHETTE NELSON is appointed Sole Managing Conservator and RETAKA ROMEO NELSON A/K/A T A    JONES is appointed Possessory Conservator of the following children: KMN and APN.

3

IT IS ORDERED that, at all times, SHANNON BROCHETTE NELSON, as a parent sole managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.      the right of access to medical, dental, psychological, and educational records of the children;

4.      the right to consult with a physician, dentist, or psychologist of the children;

5.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the children's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.      the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, RETAKA ROMEO NELSON A/K/A TAKE JONES, as a parent possessory conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.      the right to consult with a physician, dentist, or psychologist of the children;

4.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

4

1526

5. the right to be designated on the children's records as a person to be notified in case of an emergency;

6. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

7. the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, SHANNON BROCHETTE NELSON, as a parent sole managing conservator shall have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, RETAKA ROMEO NELSON A/K/A TAKE JONES, as a parent possessory conservator, shall have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense

5

1527

with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, SHANNON BROCHETTE NELSON, as a parent sole managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the children to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the children.

IT IS ORDERED that, during his periods of possession, RETAKA ROMEO NELSON A/K/A TAKE JONES, as a parent possessory conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the children to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the children.

IT IS ORDERED that SHANNON BROCHETTE NELSON, as parent sole managing conservator, shall have the following exclusive rights and duty:

1.      the right to designate the primary residence of the children without regard to geographic restriction;

2.      the right to consent to medical, dental, and surgical treatment involving invasive procedures;

6

1528

3.    the right to consent to psychiatric and psychological treatment of the children;

4.    the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5.    the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6.    the right to consent to marriage and to enlistment in the armed forces of the United States;

7.    the right to make decisions concerning the children's education;

8.    except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

9.    except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

10.    the duty to manage the estates of the children to the extent the estates have been created by community property or the joint property of the parents.

*Possession and Access*

1. *Stair Step Visitation*

A.    *Phase 1:*

RETAKA ROMEO NELSON a/k/a TAKE JONES shall have visitation with the children through the SAFE Program beginning on June 22, 2013 from 10:00 a.m. to 6:00 p.m. and on Saturdays following the first, third, and fifth Friday of each month thereafter from 10:00 a.m. to 6:00 p.m. for a total of sixteen (16) visits. RETAKA ROMEO NELSON a/k/a TAKE JONES shall be responsible for all costs associated with said visits.

7

B.     *Phase 2:*

Following the completion of all sixteen (16) visits of Phase 1, RETAKA ROMEO NELSON a/k/a TAKE JONES shall have visitation with the children on Saturdays following the first, third, and fifth Friday of each month from 10:00 a.m. to 6:00 p.m. for a total of sixteen (16) visits. Said visits shall be unsupervised.

C.     *Phase 3:*

Following the completion of all sixteen (16) visits of Phase 2, RETAKA ROMEO NELSON a/k/a TAKE JONES shall have visitation with the children on Saturdays and Sundays following the first, third, and fifth Friday of each month from 10:00 a.m. to 6:00 p.m. on each day respectively for a total of nine (9) visits, including visitation on both days. Said visits shall be unsupervised.

D.     *Phase 4:*

Following the completion of all  nine (9) visits of Phase 3, including visitation on both days respectively, RETAKA ROMEO NELSON a/k/a TAKE JONES shall have visitation with the children beginning on Saturday at 9:00 a.m. and ending on Sunday at 10:00 a.m. following the first, third, and fifth Friday of each month. Said visits shall be unsupervised.

E.     *General Terms and Conditions*

1.     All visits in each phase must be completed in order for RETAKA ROMEO NELSON a/k/a TAKE JONES to graduate to the next phase.

2.     Surrender of Child by SHANNON BROCHETTE NELSON for Phases 2-4- SHANNON BROCHETTE NELSON is ORDERED to

8

surrender the child to RETAKA ROMEO NELSON a/k/a TAKE JONES at the beginning of each period of RETAKA ROMEO NELSON a/k/a TAKE JONES' possession at a location to be designated by SHANNON BROCHETTE NELSON.

3. Return of Child by RETAKA ROMEO NELSON a/k/a TAKE JONES for Phases 2-4 - RETAKA ROMEO NELSON a/k/a TAKE JONES is ORDERED to return the child to the location to be designated by SHANNON BROCHETTE NELSON at the end of each period of possession.

4. Surrender of Child by RETAKA ROMEO NELSON a/k/a TAKE JONES for Phases 2-4- RETAKA ROMEO NELSON a/k/a TAKE JONES is ORDERED to surrender the child to SHANNON BROCHETTE NELSON, if the child is in RETAKA ROMEO NELSON a/k/a TAKE JONES' possession or subject to RETAKA ROMEO NELSON a/k/a TAKE JONES' control, at the beginning of each period of SHANNON BROCHETTE NELSON's exclusive periods of possession, at the location to be designated by SHANNON BROCHETTE NELSON at the end of each period of possession.

5. Return of Child by SHANNON BROCHETTE NELSON for Phases 2-4-SHANNON BROCHETTE NELSON is ORDERED to return the child to RETAKA ROMEO NELSON a/k/a TAKE JONES, if RETAKA ROMEO NELSON a/k/a TAKE JONES is

9

1531

entitled to possession of the child, at the end of each of SHANNON BROCHETTE NELSON's exclusive periods of possession, at the location to be designated by SHANNON BROCHETTE NELSON .

6. Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

7. Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

## 2. *Duration*

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

## 3. *Noninterference with Possession*

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the children during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

## 4. *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of RETAKA ROMEO NELSON A/K/A TAKE JONES to SHANNON BROCHETTE NELSON unless a nonparent or agency has been appointed

10

conservator of the children under chapter 153 of the Texas Family Code.

*Child Support*

### Statement on Guidelines

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support order made in open court in this case on June 11, 2013:

1.      The amount of child support required by the guidelines of $634.00 per month is appropriate in this case as demonstrated by RETAKA ROMEO NELSON a/k/a TAKE JONES's previous testimony regarding his current income of $3,000.00 per month.

### Child Support Due Beginning July 1, 2013

ITIS ORDERED that RET AKA ROMEO NELSON a k a TAKE JONES pay to

S ANO N BROC ETTE NELSON for the support of K M N and A P N three hundred fifty-eight dollars ($358.00) being due and payable on July 1, 2013. Said amount equals the guideline child support amount minus the sum of two hundred seventy-six dollars ($276.00) that RET AKA ROMEO NELSON a k a TAKE JONES is obligated to pay the SAFE program.

### Child Support Due Beginning August 1, 2013

IT IS ORDERED that RETAKA ROMEO NELSON a/k/a TAKE JONES pay to S ANO N BROC ETTE NELSON for the support of K M N and A P N six hundred dollars ($600.00) per month, with the first payment being due and payable on August 1, 2013 and a like payment being due and payable on the first day of each month thereafter through July 31, 2014. Said amount equals the guideline child support amount minus a credit of thirty-four dollars ($34.00) per month that RETAKA ROMEO

11

1533

NELSON a/k/a TAKE JONES may apply toward the SAFE program.

Child Support Due Beginning August 1, 2014

IT IS ORDERED that RETAKA ROMEO NELSON a/k/a TAKE JONES pay to SHANNON BROCHETTE NELSON for the support of KMN and APN six hundred thirty-four dollars ($634.00) per month, with the first payment being due and payable on August 1, 2014 and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. any child marries;

3. any child dies;

4. any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. any child's disabilities are otherwise removed for general purposes.

Thereafter, RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay to SHANNON BROCHETTE NELSON child support of five hundred and seven dollars ($507.00) per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the other child and a like sum of five hundred and seven dollars ($507.00) due and payable on the 1st day of each month thereafter until the next occurrence of one of the events specified above for the other child.

12

1534

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES's obligation to pay child support to SHANNON BROCHETTE NELSON shall not terminate but shall continue for as long as the child is enrolled-

1.      under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.      on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

Material and Substantial Change

If RETAKA ROMEO NELSON A/K/A TAKE JONES obtains employment as a pharmacist or becomes employed utilizing his doctorate degree in pharmacy, the Court will consider this fact to be a material and substantial change in circumstances to modify child support accordingly.

Withholding from Earnings

IT IS ORDERED that any employer of RETAKA ROMEO NELSON A/K/A TAKE JONES shall be ordered to withhold from earnings for child support from the disposable earnings of RETAKA ROMEO NELSON NK A TAKE JONES for the support of KMN and APN.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of RETAKA ROMEO NELSON A/K/A TAKE JONES by the employer and paid in accordance

13

1535

with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of RETAKA ROMEO NELSON A/K/A TAKE JONES, and it is hereby ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES pay the balance due directly to the state disbursement unit specified below.

On this date the Court signed an Employer's Wage Withholding Order.

Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to SHANNON BROCHETTE NELSON for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

Change of Employment

IT IS FURTHER ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES shall notify this Court and SHANNON BROCHETTE NELSON by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of RETAKA ROMEO NELSON A/K/A TAKE JONES and the name and address of his current employer, whenever that information becomes available.

14

<u>Clerk's Duties</u>

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, SHANNON BROCHETTE NELSON, RETAKA ROMEO NELSON A/K/A TAKE JONES, or an attorney representing SHANNON BROCHETTE NELSON or RETAKA ROMEO NELSON A/K/A TAKE JONES, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

*Health Care*

1.     IT IS ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES and SHANNON BROCHETTE NELSON shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order RETAKA ROMEO NELSON A/K/A TAKE JONES and SHANNON BROCHETTE NELSON to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day RETAKA ROMEO NELSON A/K/A TAKE JONES and SHANNON BROCHETTE NELSON's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES and SHANNON BROCHETTE NELSON are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date.

2.     Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other

15

1537

private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which RETAKA ROMEO NELSON A/K/A TAKE JONES is responsible under a medical support order that does not exceed 9 percent of RETAKA ROMEO NELSON A/K/A TAKE JONES' annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

    a.    to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

    b.    to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

    c.    to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

16

1538

3.     Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the children through SHANNON BROCHETTE NELSON's employment or membership in a union, trade association, or other organization at a reasonable cost of $132.00 per month.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the children.

4.     Provision of Health-Care Coverage -

As child support, SHANNON BROCHETTE NELSON is ORDERED to continue to maintain health insurance for each child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

SHANNON BROCHETTE NELSON is ORDERED to maintain such health insurance in full force and effect on each child who is the subject of this suit as long as child support is payable for that child. SHANNON BROCHETTE NELSON is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for each child within fifteen days of termination of her employment or other disqualification from the group insurance. SHANNON BROCHETTE NELSON is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

SHANNON BROCHETTE NELSON is ORDERED to furnish RETAKA ROMEO NELSON A/K/A TAKE JONES a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days of the signing of this order. SHANNON

17

1539

BROCHETTE NELSON is ORDERED to furnish RETAKA ROMEO NELSON A/K/A TAKE JONES the insurance cards and any other forms necessary for use of the insurance within 30 days of the signing of this order. SHANNON BROCHETTE NELSON is ORDERED to provide, within three days of receipt by her, to RETAKA ROMEO NELSON A/K/A TAKE JONES any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that RETAKA ROMEO NELSON A/K/A TAKE JONES paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if SHANNON BROCHETTE NELSON is eligible for dependent health coverage but fails to apply to obtain coverage for the children, the insurer shall enroll the children on application of RETAKA ROMEO NELSON A/K/A TAKE JONES or others as authorized by law.

RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay SHANNON BROCHETTE NELSON cash medical support, as additional child support, of one hundred thirty-two dollars ($132.00) per month, with the first installment being due and payable on July 1, 2013 and a like installment being due and payable on or before the 1st day of each month until the termination or modification of current child support for all children under this order.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of RETAKA ROMEO NELSON A/K/A TAKE JONES and shall not terminate on his death.

RETAKA ROMEO NELSON A/K/A TAKE JONES is allowed to discontinue payment of cash medical support, for the time RETAKA ROMEO NELSON A/K/A TAKE JONES is providing coverage, if-

    a.    health insurance for the child becomes available to RETAKA ROMEO

18

1540

NELSON A/K/A TAKE JONES at a reasonable cost;

b. RETAKA ROMEO NELSON A/K/A TAKE JONES enrolls the child in the insurance plan; and

c. RETAKA ROMEO NELSON A/K/A TAKE JONES provides SHANNON BROCHETTE NELSON and the title IV-D agency the information required under section 154.185 of the Texas Family Code.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay 50 percent and SHANNON BROCHETTE NELSON is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, SHANNON BROCHETTE NELSON is providing health insurance as ordered.

The party who incurs a health-care expense on behalf of a child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this suit that are incurred while child support is payable for that child.

The parties may submit all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses incurred on behalf of the children to each other via mail, email, or facsimile. Submission through any of these mediums will be deemed proper notice.

5. Secondary Coverage - IT IS ORDERED that if a party provides secondary health insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

6. Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the children in order to assure the maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to use "preferred providers," or services within the health maintenance organization, if applicable. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment. Excepting emergency health-care expenses incurred on behalf of the children, if a party incurs health-care expenses for the children using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

7. Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is ORDERED to furnish to the party carrying the

20

1542

policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the children, at that party's option , may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the children and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, RETAKA ROMEO NELSON A/K/A TAKE JONES is designated the managing conservator or possessory conservator of the children.

The party who is carrying the health insurance policy covering the children is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8.      Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9.      WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE

21

1543

OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

### *Miscellaneous Child Support Provisions*

#### No Credit for Informal Payments

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by RETAKA ROMEO NELSON A/K/A TAKE JONES to SHANNON BROCHETTE NELSON or any expenditures incurred by RETAKA ROMEO NELSON A/K/A TAKE JONES during RETAKA ROMEO NELSON A/K/A TAKE JONES's periods of possession of or access to the children, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

#### Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of RETAKA ROMEO NELSON A/K/A TAKE JONES and shall not terminate on the death of RETAKA ROMEO NELSON A/K/A TAKE JONES. Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit

22

1544

against this obligation. Any remaining balance of the child support is an obligation of RETAKA ROMEO NELSON A/K/A TAKE JONES's estate.

<u>Termination of Orders on Remarriage of Parties but Not on Death of Obligee</u>

The provisions of this decree relating to current child support terminate on the remarriage of RETAKA ROMEO NELSON A/K/A TAKE JONES to SHANNON BROCHETTE NELSON unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of SHANNON BROCHETTE NELSON but continues as an obligation to KMN and APN.

*Required Notices*

**NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

**WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN**

23

**FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**

**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.**

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

Property to Husband

IT IS ORDERED AND DECREED that the husband, RETAKA ROMEO NELSON A/K/A TAKE JONES, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

24

H-2.   All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-3.   All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-4.   All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment.

H-5. All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the husband's name.

H-6. All policies of life insurance (including cash values) insuring the husband's life.

H-7. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in the husband's name, together with all dividends, splits, and other rights and privileges in connection with them.

H-8.   The 2006 Mercedes _____ motor vehicle, vehicle identification number

_____, together with all prepaid insurance, keys, and title documents.

25

1547

<u>Property to Wife</u>

IT IS ORDERED AND DECREED that the wife, SHANNON BROCHETTE NELSON, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

W-2. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-3. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment.

W-5. The individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name.

W-6. All policies of life insurance (including cash values) insuring the wife's life.

26

W-7. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in the wife's name, together with all dividends, splits, and other rights and privileges in connection with them.

W-8. The 2011Nissan Versa motor vehicle, vehicle identification number _____ ___, together with all prepaid insurance, keys, and title documents.

W-. The 2004 Saab 95 ARC motor vehicle, vehicle identification number YS3ED49A743003729, together with all prepaid insurance, keys, and title documents, which is currently is Husband's possession and control, and which shall be returned to wife at 950 Gemini, Suite 6, Houston, Texas 77058 by no later than June 14, 2013 at 3:00 p.m.

W-10. In the case that the 2004 Saab 95 ARC is no longer in Husband's possession and control and/or not returned to wife by June 14, 2013 as above, Wife is awarded a judgment of $2,000.00 against Husband as reimbursement for the vehicle to equalize the community estate.

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, RETAKA ROMEO NELSON A/K/A TAKE JONES, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The balance due, including principal, interest, and all other charges, on the promissory note given as part of the purchase price of and secured by a lien on the 2006 Mercedes _____ motor vehicle awarded to husband.

H-2. The following debts, charges, liabilities, and obligations:

    a.    Federal income tax for the previous year: 2012

27

Husband shall pay 100% of any and all amounts, including principal, interest, and penalties, assessed against the parties, jointly or individually, due to Husband's fraudulent joint filing for tax year 2012.

H-3.    All debts, charges, liabilities, and other obligations incurred solely by the husband from and after January 20, 2012 unless express provision is made in this decree to the contrary.

H-4.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-5.    In the case that the 2004 Saab 95 ARC is no longer in Husband's possession and control and/or not returned to wife by June 14, 2013 as above, Wife is awarded a judgment of $2,000.00 against Husband as reimbursement for the vehicle to equalize the community estate.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, SHANNON BROCHETTE NELSON, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.    The balance due, including principal, interest, and all other charges, on the promissory note given as part of the purchase price of and secured by a lien on the 2011 Nissan Versa motor vehicle awarded to wife.

W-2.    All debts, charges, liabilities, and other obligations incurred solely by the wife from and after January 20, 2012 unless express provision is made in this decree to the contrary.

W-3.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

28

<u>Notice</u>

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

***Judgments to Equalize the Community Estate***

A.    IT IS ORDERED that SHANNON BROCHETTE NELSON is granted a judgment to equalize the community estate, against RETAKA ROMEO NELSON A/K/A TAKE JONES of two thousand dollars ($2,000.00) as reimbursement for the 2004 Saab 95 ARC, such judgment bearing interest at six (6) percent simple interest per year from the date this order is signed, for which let execution issue.

B.    IT IS ORDERED that SHANNON BROCHETTE NELSON is granted a judgment to equalize the community estate, against RETAKA ROMEO NELSON A/K/A TAKE JONES of seven thousand five hundred dollars ($7,500.00) as reimbursement for the 2012 federal income tax liability assessed against SHANNON BROCHETTE NELSON, such judgment bearing interest at six (6) percent simple interest per year from the date this order is signed, for which let execution issue.

***Judgment for Attorney's Fees As Additional Child Support***

The Court finds that SHANNON BROCHETTE NELSON has incurred $22,800.00 as attorney's fees, expenses, and costs, which were necessary as support for SHANNON BROCHETTE NELSON and the children the subject of this suit. IT IS ORDERED that good cause exists to award SHANNON BROCHETTE NELSON a judgment, as additional child support, in the amount of $22,800.00 for attorney's fees, expenses, and costs, with interest at 6

29

percent per year compounded annually from the date this Final Decree of Divorce is signed until paid. The judgment, for which let execution issue, is awarded against RETAKA ROMEO NELSON A/K/A TAKE JONES, and RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay the fees, expenses, costs, and interest to SHANNON BROCHETTE NELSON for the support of the children, in installments of $300.00 per month beginning September 1, 2013 and the first of each month thereafter until paid in full. SHANNON BROCHETTE NELSON may enforce this judgment for fees, expenses, and costs in her own name by any means available for the enforcement of a judgment for debt.

### Withholding from Earnings

IT IS ORDERED that any employer of RETAKA ROMEO NELSON A/K/A TAKE JONES shall be ordered to withhold from earnings for attorneys fees child support from the disposable earnings of RETAKA ROMEO NELSON A/K/A TAKE JONES for the support of KELLY MICHELLE NELSON and ALEXIS PAIGE NELSON.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of RETAKA ROMEO NELSON A/K/A TAKE JONES by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of RETAKA ROMEO NELSON A/K/A TAKE JONES, and it is hereby ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES pay the balance due directly to the state disbursement unit specified below.

30

1552

On this date the Court signed an Employer's Wage Withholding Order.

Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to SHANNON BROCHETTE NELSON for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

Attorney's Fees on Appeal to Court of Appeals

IT IS FURTHER ORDERED AND DECREED that SHANNON BROCHETTE NELSON is awarded a judgment of ten thousand dollars ($10,000.00) against RETAKA ROMEO NELSON A/K/A TAKE JONES for attorney's fees on appeal for the benefit of attorney, D. Michelle Tewal of Hegwood & Associates, P.C. or her respective counsel. The judgment shall bear interest at 6 percent per year compounded annually from the date of judgment, for which let execution issue.

IT IS FURTHER ORDERED AND DECREED that the judgment of attorney's fees on appeal rendered against RETAKA ROMEO NELSON A/K/A TAKE JONES is conditioned on the pursuit of an ultimately unsuccessful appeal to the Court of Appeals.

Attorney's Fees on Appeal to Supreme Court of Texas

IT IS FURTHER ORDERED AND DECREED that SHANNON BROCHETTE NELSON is awarded a judgment of ten thousand dollars ($10,000.00) against RETAKA ROMEO NELSON A/K/A TAKE JONES for attorney's fees on appeal for the benefit of attorney, D. Michelle Tewal of Hegwood & Associates, P.C. or her respective counsel. The judgment shall bear interest at 6 percent per year compounded annually from the date of

31

judgment, for which let execution issue.

IT IS FURTHER ORDERED AND DECREED that the judgment of attorney's fees on appeal rendered against RETAKA ROMEO NELSON A/K/A TAKE JONES is conditioned on the pursuit of an ultimately unsuccessful appeal to the Supreme Court of Texas.

### Amicus Attorney Fees

The Court finds that Attorney Jolanda Jones has satisfactorily discharged all of the attorney duties and obligations under chapter 107 of the Texas Family Code, and IT IS ORDERED that Attorney Jolanda Jones is hereby discharged and relieved of any further rights, duties, and responsibilities in this case. The Court finds that the fees are necessaries for the benefit of the children. IT IS FURTHER ORDERED that Attorney Jolanda Jones is awarded a judgment, for which let execution issue, of $18,016.50 as additional legal fees, expenses, and costs, with interest at 6 percent per year compounded annually from the date this Final Decree of Divorce is signed until paid, for services rendered as amicus attorney from April 28, 2013 through the entry of this Decree. These fees are taxed as costs, and RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay $14,691.25 of said fees and applicable interest and SHANNON BROCHETTE NELSON is ORDERED to pay $3,325.25 and applicable interest of said fees to Attorney Jolanda Jones. RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to pay his balance in installments of $300.00 per month beginning September 1, 2013 and the first of each month thereafter until paid in full via wage or income withholding order. SHANNON BROCHETTE NELSON is ORDERED to pay by cash, cashier's check, or money order on or before October 1, 2013. Attorney Jolanda Jones may enforce this order for fees in the attorney's own name.

32

<u>Withholding from Earnings</u>

IT IS ORDERED that any employer of RETAKA ROMEO NELSON A/K/A TAKE JONES shall be ordered to withhold from earnings for attorneys fees as child support from the disposable earnings of RETAKA RO EO NELSON NKIA TAKE JONES for the support of

**KMN and APN**

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of RETAKA ROMEO NELSON A/K/A TAKE JONES by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of RETAKA ROMEO NELSON A/K/A TAKE JONES, and it is hereby ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES pay the balance due directly to the state disbursement unit specified below.

On this date the Court signed an Employer's Wage Withholding Order.

<u>Payment</u>

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Attorney Jolanda Jones at Law Office of Jolanda Jones, PO Box 8312, Houston, Texas 77288.

33

1555

<u>Treatment/Allocation of Community Income for Year of Divorce</u>

IT IS ORDERED AND DECREED that, for the calendar year 2013, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2013, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2013 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2014. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

<u>No Alimony</u>

IT IS ORDERED AND DECREED that no provision of this decree shall be construed as alimony under the Internal Revenue Code, except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

34

*Transfer and Delivery of Property*

<u>Direction to Deliver Property</u>

RETAKA ROMEO NELSON A/K/A TAKE JONES is ORDERED to deliver to SHANNON BROCHETTE NELSON on June 14, 2013 by no later than 3:00 p.m at Hegwood & Associates, P.C., 950 Gemini, Suite 6, Houston, Texas 77058 these items:

1.    2004 Saab 95 ARC together with all keys, insurance policies, registration papers, and title documents or

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of RETAKA ROMEO NELSON A/K/A TAKE JONES, a permanent injunction against him should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on RETAKA ROMEO NELSON A/K/A TAKE JONES; on his agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that RETAKA ROMEO NELSON A/K/A TAKE JONES is permanently enjoined from:

1.    Committing family violence, including physical, mental, emotional, verbal or cyber abuse of any nature, as well as stalking, as defined by section 71.004 of the Texas Family Code.

2.    Doing any act that is intended to result in physical harm, bodily injury, assault, or sexual assault against Kelly Michelle Nelson,  Alexis Paige Nelson, or Shannon Brochette Nelson.

35

3. Doing any act that is a threat that reasonably places **KMN APN**, or Shannon Brochette Nelson in fear of imminent physical harm, bodily injury, assault, or sexual assault.

4. Committing abuse of a child of the family or household as defined by Texas Family Code section 261.001(1)(C), (E), and (G).

5. Communicating directly with **KMN, APN**, or Shannon Brochette Nelson in a threatening or harassing manner.

6. Communicating a threat through any person to **KMN, APN,** or Shannon Brochette Nelson.

7. Communicating with the children outside of the SAFE Program or communicating negative comments about Shannon Brochette Nelson to the children or asking the children questions regarding Shannon Brochette Nelson, Morris Edwards, Amanda Norris, PhD., Octavia Jones-Reed, and Chris Jones.

8. Communicating to **KMN or APN** to not obey Shannon Brochette Nelson or other adults.

9. On the basis of good cause shown, engaging in conduct directed specifically toward **KMN, APN**, or Shannon Brochette Nelson, including following **KMN, APN**, or Shannon Brochette Nelson, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass **KMN, APN**, or Shannon Brochette Nelson.

10. Accessing Shannon Brochette Nelson's wireless and/or wired internet network in any manner, including but not limited to remote, wired, or wireless access.

36

11. Accessing Shannon Brochette Nelson's cellular and/or wireless and/or wired phone services or data storage via iCloud or any other virtual or actual storage medium in any manner, including but not limited to remote, wired, or wireless access.

12. Accessing Shannon Brochette Nelson's wireless and/or wired electronic devices and accounts, remotely or otherwise, including but not limited to cell phone, computer, modem, router, hard drive, cable box, global positioning satellite device, personal digital assistant, tablet pc, digital camera, smart television, gaming systems, DVD/Blueray player.

13. Going to or near the residences or places of employment or business or school of **KMN, APN**, or Shannon Brochette Nelson. The Court specifically prohibits Respondent from going to or near the following addresses, but not limited to: 2323 West Bay Area Blvd. #716, Webster, Texas 77598; 3001 West Bay Area Blvd., Friendswood, Texas 77546; 2903 Friendswood Link Rd., Webster, Texas 77598; 2000 Garth Rd., Baytown Texas 77520 and specifically requires Respondent to maintain at least one (1) mile from the above-listed addresses.

14. Going to or near, or within one (1) mile of, any location where **KMN, APN**, or Shannon Brochette Nelson is known by Respondent to be and further prohibited from remaining within one (1) mile after Respondent becomes aware of **KMN, APN**, or Shannon Brochette Nelson's presence.

37

1559

15. Going to or near the residences, caregivers, child-care facilities, or schools where

**KMN and APN** normally attend or in which **KMN and APN** normally reside or are cared for.

The Court specifically prohibits Respondent from going to or near 2323 West Bay Area Blvd. #716, Webster, Texas 77598; 3001 West Bay Area Blvd., Friendswood, Texas 77546; 2903 Friendswood Link Rd., Webster, Texas 77598; 6327 Tautenhahn, Houston, Texas 77016 and specifically requires Respondent to maintain at least one (1) mile from the above-listed addresses.

16. Removing **KMN** and/or **APN** from the possession of any school where **KMN** or **APN** attend or from the possession and/or care of Shannon Brochette Nelson, Octavia Jones-Reed, and/or Chris Jones.

17. Possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

18. Removing **KMN** and/or **APN** or causing or directing someone else to remove said children outside of Harris county and contiguous counties for any reason.

### *Service of Writ*

IT IS ORDERED that RETAKA ROMEO NELSON A/K/A TAKE JONES shall be deemed to be duly served with the writ of injunction.

38

1560

*Change of Respondent's Name*

IT IS ORDERED AND DECREED that SHANNON BROCHETTE NELSON's name is changed to SHANNON BROCHETTE JONES.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that all obligations and duties for child support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment, and independent enforcement may be sought.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure. *ordered that original copies or digital copies shall be maintained until December 31, 2015.*

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt,

39

obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

40

1562

*Date of Judgment*

JUN 2 6 2013

SIGNED on _____.

_____
JUDGE PRESIDING


APPROVED AS TO FORM ONLY:

Hegwood & Associates, P.C.

By:_____
    D. Michelle Tewal
    State Bar No. 24066180
    Kimberly A. Hegwood
    State Bar No. 00798248
    950 Gemini, Suite 6
    Houston, Texas 77058
    Tel: (281) 218-0880
    Fax: (281) 938-1785

*Attorney for Shannon Brochette Nelson*


Law Office of Jolanda Jones

By:_____
    Jolanda Jones
    State Bar No. 00794725
    PO Box 8312
    HOUSTON, TX 77288
    Tel: (713) 874-1111
    Fax: (888) 874-8076

*Amicus Attorney for Kelly Michelle Nelson and Alexis Paige Nelson*

41

1563

APPROVED AND CONSENTED TO AS TO
BOTH FORM AND SUBSTANCE:


_____
SHANNON BROCHETTE NELSON


_____
RETAKA ROMEO NELSON a/k/a TAKE JONES

42

1564

# Appendix Tab P:
# Signed Order of Written Findings of Defective Service of Counter-Petition and Citation

*CC email*

*P.3*

*Spjux*

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RETAKA ROMEO NELSON | § | |
| AND | § | 312TH JUDICIAL DISTRICT |
| SHANNON BROCHETTE NELSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| KELLY MICHELLE NELSON AND | § | HARRIS COUNTY, TEXAS |
| ALEXIS PAIGE NELSON, CHILDREN | § | |

## ORDER ON MOTION TO SET ASIDE OR DISSOLVE RESPONDENT'S
## DEFAULT TEMPORARY ORDERS

On June 11, 2012 the Court heard and GRANTED Petitioner's motion to set aside or dissolve Respondent's default temporary orders signed and entered on April 4, 2012 for Respondent, SHANNON BROCHETTE NELSON, against Petitioner, RETAKA ROMEO NELSON.

*Appearances*

Petitioner/Counter-Respondent, RETAKA ROMEO NELSON appeared in person and through Lead Counsel, Edward C. Burwell, and announced ready.

Respondent/Counter-Petitioner, SHANNON BROCHETTE NELSON appeared in person and through attorney of record, D. Michelle Tewal, and announced ready.

*Defective Service of Process*

The Court finds that service of process of the default temporary orders signed and entered on April 4, 2012 for SHANNON BROCHETTE NELSON, against RETAKA ROMEO NELSON, contains multiple defectives.

The Court finds that the service address listed on the Order Granting Alternative Service on RETAKA ROMEO NELSON for SHANNON BROCHETTE NELSON, is defective.

---

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging

*FILED Chris Daniel District Clerk AUG 14 2012 Harris County, Texas Time: By Deputy*

370

The Court finds that the service address listed on the <u>Citation</u> executed on RETAKA ROMEO NELSON for SHANNON BROCHETTE NELSON, is defective.

The Court finds that the service address listed on the <u>Process Server's Affidavit</u> executed on RETAKA ROMEO NELSON for SHANNON BROCHETTE NELSON, is defective.

The Court finds that the service address listed on the <u>Return of Service</u> executed on RETAKA ROMEO NELSON for SHANNON BROCHETTE NELSON, is defective.

The Court finds that Petitioner, RETAKA ROMEO NELSON, did not receive proper service and notice of Respondent's Citation, Counter-Original Petition for Divorce, Order Granting Alternative Service, and Temporary Restraining Order, in accordance to the Texas Rules of Civil Procedure.

On June 11, 2012 the Court ORDERED that the default temporary orders signed and entered on April 4, 2012 for Respondent, SHANNON BROCHETTE NELSON, against Petitioner, RETAKA ROMEO NELSON, is void and set aside, as evidenced by the June 11, 2012 entry on the General Order of the Court, and by signature below.

SIGNED this __17__ day of __August__, 20_12_.

_____
JUDGE PRESIDING

RETAKA ROMEO NELSON AND SHANNON BROCHETTE NELSON
IN THE INTEREST OF KELLY MICHELLE NELSON AND ALEXIS PAIGE NELSON
ORDER ON MOTION TO SET ASIDE OR DISSOLVE RESPONDENT'S DEFAULT TEMPORARY ORDERS

2

371

AGREED AS TO FORM ONLY

_____

RETAKA ROMEO NELSON
Pro Se Petitioner/Counter-Respondent
3007 Woodland Hills Dr. # 219, Kingwood, TX 77339
Tel: (832) 590-9295 / Alt: (415) 446-9395
Fax: (888) 633-8819

_____
D. Michelle Tewal
State Bar No. 2406618
95 Gemini, Suite 6
Houston, TX 77058
Tel: (281) 218-0880
Fax: (281) 938-1785

*Attorney for Respondent/Counter-Petitioner,*
*Shannon Brochette Nelson*


_____

Nathene Caldwell
State Bar No. 22050800
Assistant Attorney General
Child Support Division
Child Support Unit 0608E
450 N. Sam Houston, Suite 190
Houston, TX 77060
Tel: (218) 820-1200
Fax: (281) 445-3301


AGREED AND CONSENTED TO AS BOTH FORM AND SUBSTANCE


_____

SHANNON BROCHETTE NELSON
Counter-Petitioner/Respondent

_____

RETAKA ROMEO NELSON
Pro Se Petitioner/Counter-Respondent

RETAKA ROMEO NELSON AND SHANNON BROCHETTE NELSON
IN THE INTEREST OF KELLY MICHELLE NELSON AND ALEXIS PAIGE NELSON
ORDER ON MOTION TO SET ASIDE OR DISSOLVE RESPONDENT'S DEFAULT TEMPORARY ORDERS
3

372